## WILLIAM J. BARRETTE, ADMINISTRATOR, WITH THE WILL ANNEXED, OF THE ESTATE OF WILLIAM A. NORTON, DECEASED, APPELLANT, *v.* JOHN E. DOOLY, RESPONDENT.

TRUST — SPECIAL INSTRUMENT CREATING — WHEN PASSES LEGAL
TITLE — TRUST FUND — NO PART OF ESTATE OF PARTY CREATING
— CAPACITY OF ADMINISTRATOR TO SUE FOR.

Whenever an instrument creating a trust confers upon the trus-
tee any power in trust, or imposes any duty relating to the
control or management of the trust estate, or establishes any
agency to be performed by the trustee, as such, the legal title
vests in him in order to enable him to administer the trust;
and where decedent, in his lifetime, created in defendant such
a trust, proceeds of a sale by defendant in carrying out such
trust form no part of decedent's estate; plaintiff as adminis-
trator has no right whatever thereto, and can not maintain
an action therefor as such administrator.

(Decided December 13, 1899.)

An action to have an order of the probate court dis-
charging defendant as executor in a certain estate set
aside and to require an accounting for certain moneys re-
ceived by him as trustee, and to have such moneys

turned over to plaintiff as present administrator of said estate.

Defendant demurred upon the ground that plaintiff had no legal capacity to maintain the action. The demurrer was sustained, and, plaintiff electing to stand upon his complaint, the action was dismissed. Plaintiff appealed. *Affirmed.*

*Messrs. Pierce, Critchlow, & Barrette,* for appellant.

An administrator is charged under the law with the duty of collecting together all of the property in which the deceased was interested, directly or indirectly, and of applying the same under the direction of the court to the payment of creditors, and to the heirs, legatees, or devisees. 2 Woerner on Administration, Sec. 352, pp· 747–749; *Cooley* v. *Brown,* 30 Ia., 472; *Stewart* v. *Phenice,* 22 N. W., 637; *Williams* v. *Morehouse,* 9 Conn., 473–476.

Our statute authorizes the plaintiff to bring this action.

Our statute is broad in its scope, and, we think, should be interpreted so as to give the administrator the broadest latitude in accomplishing the purposes of administration; that is, collecting in the property of the decedent and the paying his debts. We invite the court's attention to Section 3914, Revised Statutes of Utah.

We cite *Williams* v. *Morehouse, supra,* as exactly in point. We cite the following cases bearing out our view of the law: *Gregory* v. *Abbott,* 39 Mich., 68; *Warren* v. *Lyons,* 22 Ia., 355.

The deed was given to create a fund to pay the debts of the deceased. It is inequitable for the defendant to hold the funds in his possession.

*Messrs. Dickson, Ellis & Ellis,* and *Messrs. Bennett, Harkness, Howat, Bradley & Richards,* for respondent.

We have been unable to find any case where such an action was upheld, and but one which was at all analogous, in which it has been ruled that the action could not be maintained. The absence of authority either way upon the precise point is to be explained only upon the assumption that no one ever before attempted to bring such an action. Very nearly in point, however, is the case of *Field* v. *Andrada,* 106 Cal., 107, where it was held that an administrator had no capacity to bring an action to enforce a trust in lands conveyed by the decedent in his lifetime, and to compel a conveyance of the legal title.

The only difference between that case and this is that there lands are involved, while here moneys, the proceeds of the lands, are involved, a distinction probably without a difference, so far as principle is concerned.

### STATEMENT OF FACTS.

The defendant demurred to the complaint on the ground that the plaintiff has no legal capacity to maintain the action. The lower court sustained the demurrer; the plaintiff declined to amend the complaint, and elected to rest on the same; whereupon the case, upon motion of the defendant, was dismissed.

The following is the substance of the allegations of the complaint, bearing upon the question raised by the demurrer, and to which the argument of counsel was directed, to wit:

William A. Norton, on June 29, 1894, by a deed of trust, conveyed to defendant, certain real and personal property, which, in pursuance of said deed, was taken possession of by defendant, for the purpose, as provided

in said deed, of converting the same into money, and out of the proceeds to pay the debts of said Norton, and after paying these debts, to pay any residue thereof, which might remain, to the devisees of said Norton; that on the 15th day of July, 1894, the said Norton died in Salt Lake City, leaving a will, in which the defendant was named as executor, and Wilson Norton and Margaret Norton were the sole legatees; that on or about October 11, 1894, said will was admitted to probate in Custer County, Idaho, and the defendant was appointed executor by said court, and duly qualified as such, but was afterward, in 1896, removed, and one Fox was duly appointed administrator, with the will annexed, and duly qualified as such, and ever since has been, and still is such administrator; that on the 25th day of February, 1899, the plaintiff was, in the Third District Court of the State of Utah, Salt Lake County, duly appointed administrator, with the will annexed, of the estate of the said William A. Norton, deceased, and afterward duly qualified as such, and ever since has been and still is such administrator; that various creditors of the said William A. Norton, deceased, have proved claims against said estate, which in the aggregate, as plaintiff alleges on information and belief, amount to over $25,000, and which remain unpaid, and are entitled to be paid out of the moneys belonging to the said estate; that on the 29th of June, 1893, the defendant was finally discharged as executor, by an order of the probate court of Salt Lake County, on the representation by said defendant that he had fully executed his trust, and there remained in his hands no property or money of said estate; that from a sale of a two-thirds interest in the Charles Dickens mine, conveyed by said trust deed to the defendant, plaintiff on information and belief alleges that the defendant received $100,000, no part of

which has been applied in accordance with the trust upon which said property was held by defendant, except $20,000, and that the residue of the amount received from such sale has not been accounted for by the defendant, neither in his administration as executor, or to the creditors or legatees of the said William A. Norton, deceased, or otherwise; that said defendant, in control, management, and sale of the property, real and personal, conveyed to him by the said Norton in trust as aforesaid, has expended various sums of money and has incurred various expenses, the character and amount of which is unknown to this plaintiff, but for which or some of which, the said defendant is entitled to be repaid out of the moneys in his hands arising from the execution of his said trust; that it is necessary that an accounting be had, and that the amount of moneys in his hands, as trustee, be ascertained, and that he be directed and compelled by this court to carry out and execute his trust, and to pay over to this plaintiff, as the representative of said estate, any moneys in his hands remaining after the execution thereof.

The relief prayed for is, that the order of the probate court granting defendant final discharge as executor, be set aside, and that he be required to account for the moneys received by him as trustees under the aforesaid deed, and to turn over to the plaintiff, as administrator, any moneys or property remaining in the hands of the defendant, as such trustee.

BASKIN, J., after stating the facts, delivered the opinion of the court.

The trust created by the deed conveying to the defendant the real and personal property therein mentioned, was more than a mere naked trust; it was an active one. The

trustee was required to convert the property into money, and out of the proceeds to pay the debts of the grantor, and after doing so, to pay to the grantor's devisees any balance which might remain.

One of the exceptions to the operation of the statute of uses is that, "Whenever the instrument creating the trust confers upon the trustee any power in trust, or imposes any duty relating to the control or management of the trust estate, or establishes any agency to be performed by the trustee, as such, the legal title will vest in him in order to enable him to administer the trust." 2 Beach on Trusts and Trustees, Sec. 395; Washburn on Real Property, p. 498.

A trust to sell even on a contingency confers a fee simple title as indispensable to the execution of the trust." 1 Lewin on Trusts, p. 214.

By the trust deed the defendant was vested with the legal title to the property conveyed, subject only to the execution of the trust. The *cestuis que trust* acquired no title under the deed, either legal or equitable, to the property conveyed, but simply acquired the right to have the same converted into money by the trustee, and the proceeds applied in accordance with the terms of the trust deed.

As the trust deed divested the said Norton of his title to the property conveyed, the proceeds derived from the sale thereof by the trustee constitute no part of the decedent's estate, and the plaintiff, as administrator, in no event, is entitled to have the same or any part thereof turned over to him. The *cestuis que trust* are the only parties who are entitled to the same, and since the death of the said Norton are the only parties who, under the facts alleged in the complaint, can be injured by a failure to dispose of said proceeds in accordance with the terms

of the trust deed. The trustee is under obligations to no one except the beneficiaries of the trust, and if he has failed to execute his trust, those alone, who are injured by its non-performance, have a right to maintain an action for its enforcement.

The duties of the defendant as executor were entirely different from his duties as trustee, and neither his appointment or removal as executor, in the least affected the trust or released him from his obligation to the *cestuis que trust*. If he should yield to the demand of the plaintiff and pay over to him any of the proceeds of the trust property, he would violate his trust, and would still be held responsible to those entitled to the trust fund. He could not plead such payment in bar of an action by them to enforce the trust.

Plaintiff's counsel, in their brief, contend that, "While it may be true that the administrator has no right to participate directly in the proceeds of the trust property held by Dooly, he has what is equivalent to such right; namely, an interest on behalf of the *cestuis que trust*, to-wit, the creditors and devisees and legatees of Norton, in seeing that the funds in his own hands are relieved as far as possible from unjust burdens. For the benefit of all parties interested a court of equity will marshal the assets and compel the payment of the creditors out of the funds primarily liable to their payment."

The complaint fails to allege that there are any funds or assets of any kind in the hands of plaintiff, as administrator, or that there is any property of the estate from which any assets can be derived, therefore there is no basis for this contention of plaintiff's counsel. If there were any funds or assets, or any such property of the estate, which the execution of the trust by defendant would relieve from burdens, and the plaintiff relied

on that fact to sustain his action, then he knew of its existence, and should have alleged it in his complaint, but having failed to do so this court can not presume that any such fact exists. As the beneficiaries of the trust are the only persons shown in the complaint, to be interested, and are the only persons who can be injured by a failure on the part of the defendant to execute the trust, they are the proper and only parties who can maintain an action against the trustee to enforce the trust, under the facts disclosed by the complaint.

We are therefore of the opinion that the plaintiff has no legal capacity to maintain this action.

It is ordered that the judgment of the court below be affirmed, at the cost of the appellant.

BARTCH, C. J., and MINER, J., concur.