MILLIE G. REED, as Administratrix of the Estate of EDWARD A. REED, Deceased, Respondent, v. RICHARD T. HUME, as Administrator of the Estate of GEORGE H. BURGITT, Deceased, GEORGE J. KELLY and ANDREW J. WARNER, Appellants.

No. 1397.   (70 Pac. 998.)

1. **Executors and Administrators: Claims: Guardian of Deceased: Services.**

    Where a guardian presented to the probate court, after the death of his ward, an account for services, and his claim was allowed, such claim was a valid claim against the ward's estate, which the guardian was entitled to pay himself on being appointed the ward's administrator.

2. **Conversion of Assets by Administrator: Administrator de Bonis Non: Complaint Set Forth: Sufficiency.**

    Where money belonging to an estate, was mixed by the administrator with his own funds, and converted by him, it was thereby "administered," and could not be recovered by an administrator *de bonis non*, who was entitled only to such goods as remained unadministered in specie. A conversion of property by an administrator does not give rise to a cause of action in favor of the deceased but it is a wrong to the heirs.[1]

3. **Action for Conversion of Assets: Accounting: Necessity.**

    An action can not be maintained against an administrator and his sureties for a conversion of assets until an accounting is had in the probate court.

---

[1] Barrette v. Dooly, 21 Utah 81, 59 Pac. 718.

(Decided December 23, 1902.)

[Appeal from the Second District Court, Weber County.—
*Hon. H. H. Rolapp*, Judge.

Action upon an administrator's bond, given by George H.
Burgitt during his lifetime as administrator of the estate of
Edward A. Reed, wherein George J. Kelly and Andrew J.
Warner were sureties. From a judgment in favor of plain-
tiff, defendants appealed.

REVERSED.

*H. H. Henderson, Esq.*, for appellants.

Sureties on an administrator's bond can not be sued until
the amount due from the administrator has become fixed and
determined by a decree of the probate court or by a decree in
an equitable action for an accounting.

This principle is well established. Grady v. Hughes,
80 Mich. 184; Tudhope v. Potts, 91 Mich. 490; Gott v. Culp,
45 Mich. 265; Green v. Creighton, 64 U. S. 90; Chaquette
v. Ortette, 60 Cal. 594; Allen v. Tiffany, 53 Cal. 16; Irwin
v. Bachus, 25 Cal. 214; In re Alliger, 65 Cal. 228; In re
estate of Curtiss, 65 Cal. 572; Weihe v. Stathan, 67 Cal. 84.

*Abbot R. Heywood, Esq.*, for respondent.

MARIONEAUX, District Judge.—The complaint filed
in the district court is as follows: "Plaintiff complains and
alleges: First. That she is the administratrix of the estate
of E. A. Reed, deceased, and duly appointed by this court,
and qualified and acting as such. Second. That the defend-
ant Richard T. Hume is the administrator of the estate of
George H. Burgitt, deceased, and duly appointed by this
court, and qualified and acting as such. Third. That the
said George H. Burgitt died on the — day of ——, 1900, and

at the time of his death he was the duly qualified and acting administrator of the estate of E. A. Reed, aforesaid, deceased, having been appointed by the predecessor of this court. Fourth. That said George H. Burgitt, as such administrator, gave an official bond to the predecessor of this court in the sum of $2,500 for the faithful performance of his duties and of his trust as such administrator, and that defendants George J. Kelly and Andrew J. Warner were the sureties on said bond, obligating themselves therein that they were bound in that sum that the said Burgitt should faithfully perform his duties therein, and honestly discharge said trust. Fifth. That the said George H. Burgitt was appointed administrator some time on the — day of ——, 1894, and that subsequent to that time there came into his hands the following amounts of the said estate of E. A. Reed, to-wit: Cash, January 23, 1894, $447.82; life insurance, $500; Weber Canal stock, $46; safe sold to W. H. Rowe, $50; buggy sold to A. Allen, $20; desk sold to S. P. Ash, $3; land sold to S. Meyers, $10; desk sold to S. P. Ash, $25. That the said George H. Burgitt never made any account of the same to this court, or to any one, and, according to information and belief, plaintiff alleges that he appropriated the same to his own use. Sixth. That on the thirteenth day of February, 1901, plaintiff presented to Richard T. Hume herein an itemized statement of said accounts, duly verified according to the laws of the State of Utah, all in writing, and demanded of him that he approve the same, as administrator of said estate of G. H. Burgitt, as a claim against said estate. That she also demanded of said sureties that they pay her said amounts, but they have wholly refused and failed to do so. Seventh. That on February 20, 1901, the said R. T. Hume, as such administrator, rejected in writing the said claim. That this plaintiff never knew of the said amounts having been received by the said George H. Burgitt, as such administrator, or at all, until about the time she was appointed administratrix of said estate this year. Wherefore plaintiff demands judgment against defendants

for the sum of $1,101.82, with legal interest thereon from the date of the respective receipts of said amount by said Burgitt as such administrator." To this complaint the defendants interposed a demurrer, alleging that it does not state facts sufficient to constitute a cause of action, and that the joinder of Kelly and Warner as parties defendant is erroneous. The demurrer was overruled, and the defendants filed an answer, denying that the moneys alleged had come into the hands of Burgitt, or that he had converted them. Defendants also filed a counterclaim, in which they set out that Burgitt, on the eighteenth day of December, 1891, was duly appointed as the guardian of the person and estate of said E. A. Reed, then an incompetent person, and that he acted as such until March 2, 1895; that on August 28, 1894, said Burgitt was appointed administrator of the estate of said E. A. Reed, deceased; and that on March 2, 1895, the probate court of Weber county allowed Burgitt the sum of $1,700 for his services and for counsel fees paid out by him, and that sum was made a prior lien upon all the assets in his hands, both as guardian and as administrator, and that no part of said sum has been paid; and they prayed to be dismissed, with their costs. A trial was had before the court without a jury, and it appeared that E. A. Reed, incompetent, died on March 14, 1894; that Burgitt was then his guardian, as alleged, and had on hand $447.82 in money; that in February, 1895, he presented a verified petition to the probate court, claiming for services and counsel fees paid out by him the amount stated, and that on March 2, 1895, it was duly allowed in open court, after a hearing and the examination of witnesses; that no part of it had ever been paid; that Burgitt died in 1900, and that thereafter plaintiff was appointed administratrix of the estate of E. A. Reed, deceased, and the defendant Hume was appointed administrator of the estate of Burgitt, deceased; that there came into the hands of Burgitt, in his lifetime, and after his appointment and qualification as administrator, the sum of $604, realized from the collection of a policy of life insur-

ance and the sale of certain real and personal property, in addition to the sum of $447.82, in his hands as guardian at Reed's death. It did not appear that Burgitt, in his lifetime, had accounted for this money. Upon this evidence the court found that he had converted to his own use the said sum of $604, and entered judgment therefor in favor of plaintiff, and as to the pleaded set-off the court said: "(9) That the said George H. Burgitt was allowed the sum of $1,700 for services and for counsel fees as such guardian, but that the same was not a lien upon, and had nothing to do with, the estate of E. A. Reed, deceased, or the moneys belonging to said estate that came into the hands of the administrator of said estate of E. A. Reed, deceased. (10) That all the moneys remaining in the hands of said George H. Burgitt, as such guardian of the estate of E. A. Reed, incompetent, were retained and kept by said Burgitt, none thereof being turned over to himself as administrator of the estate of E. A. Reed, deceased, and that among the moneys he retained as such guardian were $447.82 in cash that he had at the time of the death of said Reed, and which is not to be included in the judgment herein."

We are of the opinion that the findings above quoted can not be sustained upon the evidence. The claim of Burgitt was unquestionably a claim against the deceased for services rendered to him in his lifetime, and it was presented to the probate court after Reed's death and after Burgitt's appointment as administrator, and upon its allowance by the probate judge ranked as an acknowledged claim against Reed's estate. Its validity is not drawn in question, and payment of it is not pretended. The holding of the lower court refusing absolutely to allow this $1,700 claim against the estate of Reed to have any effect upon the merits would be alone sufficient to lead to a reversal of the cause, but this case must turn upon other points. It is insisted by the appellant that the complaint does not state a cause of action, and the action of the court in overruling defendants' demurrer is assigned as

error. We think the contention is valid. The plaintiff, Millie G. Reed, is in the situation of an administrator *de bonis non*, and at common-law such an administrator has committed to him only the administration of the goods, chattels, and credits of the deceased which have not been administered. The administrator *de bonis non* is entitled to all the goods and chattels which remain in specie. Moneys received by the former executor or administrator in his character as such, and kept by itself, will be so regarded; but, if mixed with the administrator's own money, it is considered as converted, or, technically speaking, "administered." Beall v. New Mexico, 16 Wall. 535, 21 L. Ed. 292. Assets are administered within this rule if they have been in any wise "converted" or changed in form, either wholly or in part by the original executor or administrator. Thus, a sale is an act of administration, and the administrator *de bonis non* is not entitled to the proceeds. 11 Am. and Eng. Enc. Law (2d Ed.), p. 1327. As to choses in action, the rule is the same as in the case of specific chattels. If the executor or administrator alters the property in them, they become administered assets, and do not pass to the administrator *de bonis non*. Id. This rule has sometimes been regarded as extremely technical, but it rests upon a good foundation. An administrator regularly stands in the place of the intestate in respect to causes of action in favor of the latter, and in bringing suit must make it appear that the wrong complained of gave rise to a right in the intestate. But the alleged wrong of Burgitt, the complaint states, consisted in converting to his own use property that came into his hands as administrator. A conversion of property by an administrator, or a devastavit by him, is manifestly no wrong to, and does not give rise to a cause of action in favor of, the deceased. The wrong is done to the heirs, legatees, creditors, and distributees. The cause of action, then, is in them. If the defaulting administrator then dies, another may regularly be appointed to administer the estate still unadministered, and, if there remains in specie anything capable of being iden-

tified as the property of the first deceased, the administrator
*de bonis non* is entitled to it, and, if it is withheld, a cause of
action then arises in his favor, and he may sue. We can dis-
cover nothing in our statutes which in any wise affects the rule
here laid down. See the following cases: Stott v. Alexander,
2 Sneed 650; Thomas v. Stanley, 4 Sneed 412. The case of
Barrette v. Dooly, 21 Utah 81, 59 Pac. 718, was decided upon
a point perfectly analogous to the rule here announced, and
upon principle is decisive of this case. In that case the opin-
ion states that the complaint alleged that Wm. A. Norton, in
his lifetime, had conveyed to defendant certain real and per-
sonal property, which was, in pursuance of the deed, taken
possession of by defendant for the purpose, as provided in the
deed, of converting the same into money, and out of the pro-
ceeds to pay the debts of said Norton, and, after paying these
debts, to pay any residue thereof to the devisees of Norton;
that Norton died on July 15, 1894, leaving a will, in which
defendant Dooly was named as executor, and Wilson Norton
and Margaret Norton were the sole legatees; that thereafter
defendant was appointed executor by the probate court of
Custer county, Idaho; that he qualified, but was afterwards
removed, and one Fox was appointed administrator; that
plaintiff was appointed administrator by the Third District
Court of Salt Lake County, with the will annexed, on Febru-
ary 25, 1899; that various claims amounting to $25,000 had
been proved against the estate of Norton, which remained
unpaid, and are entitled to be paid out of the money belonging
to said estate; that on June 29, 1893, defendant was finally
discharged as executor by an order of the probate court of
Salt Lake county on the representation by the said defendant
that he had fully executed his trust, and that there remained
in his hands no property or money of said estate; that from
a sale of certain property conveyed to him by said trust deed
defendant received $100,000, no part of which has been ap-
plied in accordance with the trust upon which said property
was held by defendant, except $20,000, and that the residue

of the amount received from such sale has not been accounted for by the defendant either in his administration as executor, or to the creditors or legatees of said Wm. A. Norton, deceased, or otherwise; . . . that it is necessary that an accounting be had, and that defendant be compelled to carry out his trust, and to pay plaintiff, as the representative of the said estate, any moneys in his hands remaining after the execution thereof. Section 3914 of the Revised Statutes reads as follows: "Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against executors and administrators, in all cases in which the same might have been maintained by or against their respective testators or intestates." Plaintiff contended that the action could be maintained by virtue of that statute, but the contention is plainly untenable, for the reason that Norton, in his lifetime, had no cause of action against the defendant. Mr. Justice Baskin, delivering the opinion in the foregoing case, said: "As the trust deed devested the said Norton of his title to the property conveyed, the proceeds derived from the sale thereof by the trustee constitute no part of the decedent's estate, and the plaintiff, as administrator, in no event, is entitled to have the same, or any part thereof, turned over to him. The *cestuis que trustent* are the only parties who are entitled to the same, and since the death of the said Norton are the only parties who, under the facts alleged in the complaint, can be injured by a failure to dispose of said proceeds in accordance with the terms of the trust deed. The trustee is under obligations to no one except the beneficiaries of the trust, and if he has failed to execute his trust, those alone, who are injured by its non-performance, have a right to maintain an action for its enforcement." So, in the case before us, Burgitt was a trustee (for an administrator is nothing else) for those entitled to succeed to the property which the complaint alleges Burgitt converted to his own use. Upon

his alleged conversion of it the *cestuis que trustent* were injured, and became invested with a cause of action against him; and this cause of action, being no part of the estate of Reed, deceased, did not pass to the administratrix, plaintiff here. We think the legal principle upon which the decision of Barrette v. Dooly rests unquestionably sound, and clearly decisive of the case before us.

It is also true, as contended by appellants, that no action for a conversation by Burgitt can be sustained against this administrator or his sureties until an accounting in probate shall be had. In Beall v. New Mexico, supra, it is said: "Many authorities show that this preliminary is necessary. . . . Chief Justice Redfield says: 'The ordinary bond for faithful administration is not intended to transfer the jurisdiction of questions connected with such administration from the appropriate and exclusive sphere of the probate courts to that of the common-law courts. But these bonds are designed to secure the enforcement of the decrees of the probate court after they are rendered against the executor or administrator, whereby his breach of duty is established in the proper forum.'"

The judgment of the lower court is reversed, with directions to sustain the defendants' demurrer, and the defendants are awarded their costs below and on this appeal.

BASKIN and BARTCH, JJ., concur.