## Yancy's Administrator, De Bonis Non v. Yancy, et al.

(Decided March 7, 1919.)

### Appeal from Henderson Circuit Court.

1. Executors and Administrators—Removal of Administrator—Appointment of Administrator De Bonis Non.—Effect of Striking Out Words "De Bonis Non."—Where administrators are removed and another appointed in their stead, the latter is an administrator de bonis non, whether the words "de bonis non" are used in the order of appointment or not, and the action of the county court in subsequently striking out these words on the ground of clerical misprision did not affect the relation which the latter sustained to the estate.

2. Executors and Administrators—Rights and Powers of Administrator De Bonis Non—Recovery from Predecessor.—Under the common law rule which prevails in this state, an administrator de bonis non can recover from his predecessor or his personal representative only such estate of the decedent as remains in specie, and cannot recover the proceeds of such as had been converted into money, unless such proceeds were kept separate and were susceptible of identification.

3. Executors and Administrators—Administrator De Bonis Non—Assets Wasted—Right of Action.—For assets wasted by the first administrator, the right of action is not in the administrator de bonis non, but in the distributees, heirs or creditors.

4. Executors and Administrators—Action Against Predecessor and Surety by Administrator De Bonis Non—Petition—Sufficiency.—In order for an administrator de bonis non to recover of his predecessor and the surety on his bond, he must allege that his predecessor had in his hands unadministered assets in kind, or the proceeds of such as had been converted into money and kept

separate and unmixed with those of his own; otherwise, the petition is bad on demurrer.

VANCE & HEILBRONNER for appellant.

YEAMAN & YEAMAN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This suit was brought by the Farmers Bank & Trust Company, as administrator *de bonis non* of W. L. Yancy, deceased, against Y. L. Yancy and J. W. Yancy, former administrators of W. L. Yancy, deceased, and their surety, the Fidelity & Deposit Company of Maryland, to require Y. L. Yancy and J. W. Yancy to answer and say what money and other property of the estate of W. L. Yancy came to their hands as such administrators, and to account for and pay over same to plaintiff, and for judgment against all of the defendants for the sum of $980.37 with interest and costs. The petition was twice amended and the demurrer of the Fidelity & Deposit Company was sustained to the petition as amended and the petition dismissed. Plaintiff appeals.

The original petition alleged the following facts: W. L. Yancy died intestate and a resident of Henderson county, in the month of February, 1915. The defendants, Y. L. Yancy and J. W. Yancy, were duly appointed and qualified as administrators of his estate, and executed bond as required by statute, with the Fidelity & Deposit Company of Maryland as surety. As shown by the inventory and appraisement filed by the defendants as administrators aforesaid, there came into their hands personal property of the value of $980.37. The defendants, Y. L. Yancy and J. W. Yancy, as administrators, sold and disposed of the entire property which came into their hands and received the proceeds thereof, and refused to account for, or to pay out, the money which came into their hands, to persons entitled thereto, or to make a settlement of their accounts. On September 25, 1917, a rule was issued by the Henderson county court against the defendants, Y. L. Yancy and J. W. Yancy, administrators, to show cause why they should not be compelled to make a settlement of their accounts, and a copy of the order was served on the defendant, Fidelity & Deposit Company of Maryland. The motion for the rule was heard on November 5, 1917, and it appearing

that Y. L. Yancy and J. W. Yancy had failed for more than two years to settle their accounts, it was ordered that they be removed from the office and that the Farmers Bank & Trust Company be appointed administrator *de bonis non* of the estate. A copy of this order was served on the Fidelity & Deposit Company of Maryland. Plaintiff demanded a settlement of said Y. L. Yancy and J. W. Yancy, administrators, and the payment of any money that they might owe as such administrators, and the possession of such personal property as might be in their hands, but they refused to make any settlement with plaintiff, or to pay plaintiff any money, or to turn over to it any property belonging to the estate of W. L. Yancy. A copy of the inventory and appraisement was filed with the petition, and it shows that when the inventory was filed there were then in the hands of the administrators $402.00 in money and $578.37 in notes and other personal property.

To the foregoing petition the Fidelity & Deposit Company interposed a demurrer. Before the demurrer was acted on, plaintiff filed an amended petition, alleging in substance that the allegation of the original petition that the administrators had sold and disposed of the personal property and received the proceeds, was made through oversight and mistake of fact, and that the only knowledge or information plaintiff had in regard to the property was the inventory filed by the administrators; that plaintiff did not know and was not advised as to what disposition the administrators made of the personal property. It was further alleged that the insertion of the words "*de bonis non,*" in the order appointing plaintiff administrator, was a clerical misprision, and that the county court had, by order, stricken out these words, and that, by the correction of that error, plaintiff was the only administrator of the estate of W. L. Yancy, deceased. The prayer was the same as in the original petition. The demurrer to the original petition was made to apply to the petition as amended and was sustained. Thereupon a second amended petition was filed, which set out with greater detail the facts stated in the original and first amended petition, and concludes with the following prayer: "That said defendants, Y. L. Yancy and J. W. Yancy, be required to answer and say what money or other property of the estate of W. L. Yancy came into their hands as such administrators, as well as the money

of said estate now in their hands as administrators, and to account for and turn over to this plaintiff all of said money and other property, and for judgment against all of the defendants for the said money and other property, including the property inventoried and appraised at $980.37, and if any of said property cannot be had, for judgment for the value thereof, with interest at six per cent per annum from February 15, 1917, until paid, and its costs herein.''

The action of the county court in striking out the words, ''*de bonis non*,'' from the order appointing plaintiff administrator did not affect the relation which plaintiff sustained to the estate of the intestate. When the first administrators were removed and plaintiff was appointed administrator in their stead, it thereby became administrator *de bonis non* whether the words ''*de bonis non*'' were employed in the order of appointment or not. Hence, plaintiff's right to recover must be determined in the light of the fact that it is an administrator *de bonis non*.

The common law rule prevails in this state, and under that rule an administrator *de bonis non* can recover from his predecessor or his personal representative only such estate of the decedent as remained in specie, and cannot recover the proceeds of such as had been converted into money unless such proceeds were kept separate and were susceptible of identification. For assets wasted by the first administrator, the right of action is not in the administrator *de bonis non*, but in the distributees, heirs or creditors. 11 R. C. L., sec. 512. p. 420; Sec. 523, p. 426; Graves v. Downey, 3 Mon. 356; Lawrence v. Lawrence, Lit. S. C. 123; Warfield v. Brands' Admr., 13 Bush 77; Felts v. Brown, 7 J. J. Mar. 147; Karn v. Seaton, 62 S. W. 737; Boyd v. Inmegart's Exr., 91 S. W. 1132. Hence, in order for an administrator *de bonis non* to recover of his predecessor and the surety on his bond, he must allege that his predecessor had in his hands unadministered assets in kind, or the proceeds of such as had been converted into money and kept separate and unmixed with those of his own. Here, the petition as amended, contained no such allegation. Hence, it was bad on demurrer and the trial court did not err in so adjudging.

Judgment affirmed.