[Civ. No. 5011. First Appellate District, Division One.—January 30, 1925.]

## JACOBS, MALCOLM & BURTT (a Copartnership), Respondent, v. NORTHERN PACIFIC RAILWAY COMPANY (a Corporation), Appellant.

[1] COMMON CARRIERS — FAILURE TO VENTILATE SHIPMENT — ACTION FOR DAMAGES — ATTACHMENT. — If an action against the initial carrier (a foreign corporation) for damages for failure to give "standard ventilation" to a shipment of potatoes from another state to a point in this state be one in tort, the remedy of attachment does not lie; and if any doubt arises as to the nature of the action, it should be construed as one in tort.

[2] ID.—FAILURE TO VENTILATE CARS — LIABILITY FOR DAMAGES. — It is a carrier's duty, independent of contract, to properly ventilate its cars in order to preserve perishable goods in transit, and any failure to comply with such duty resulting in loss or injury to the shipper renders the carrier liable for the damage sustained.

[3] ID.—INCREASED CONTRACTUAL LIABILITY — DAMAGES — NATURE OF ACTION.—Where the contract pleaded in a complaint against a carrier for damages for failure to give "standard ventilation" to a shipment of potatoes from another state imposed upon the carrier a duty or obligation in respect to said shipment beyond that which the law itself imposed, and which was of advantage to plaintiff, and there is no legal showing to the contrary, the action must be construed as one upon contract rather than one for the breach of carrier's public duty.

[4] ID.—NATURE OF OBLIGATION SUED UPON — CONSTRUCTION OF COMPLAINT.—The question of whether or not such action is founded in tort or upon contract is not to be determined exclusively from the particular language employed in the complaint, if it be made to appear that the nature of the obligation sued upon constitutes a tort.

[5] ID.—VENTILATION OF POTATO SHIPMENTS — COMMON PUBLIC DUTY —EVIDENCE.—In the absence of any evidence as a basis, the court cannot hold, as a matter of law, that the common public duty of a carrier to properly ventilate potato shipments requires that all ventilators should be closed when the outside temperature falls to thirty-two degrees above zero and shall be opened when the temperature rises above that degree.

---

(1) 1 C. J., p. 1015, n. 41; 6 C. J., p. 79, n. 17.    (2) 10 C. J., p. 93, n. 13.    (3) 10 C. J., p. 93, n. 13.    (4) 1 C. J., p. 1016, n. 42. (5) 23 C. J., p. 70, n. 35.

1. See 3 Cal. Jur. 414.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to dissolve an attachment. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ford, Johnson & Bourquin for Appellant.

Glensor, Clewe & Van Dine for Respondent.

KNIGHT, J.—This is an appeal by the defendant Railroad Company from an order denying a motion to dissolve an attachment, issued in an action brought by plaintiff to recover of and from the defendant the sum of $371.25, as damages, for the breach of a contract, wherein, it is alleged, defendant agreed to give "standard ventilation" to a shipment of 403 sacks of potatoes which were being transported by defendant, as the initial carrier, from Wapato, Washington, to San Francisco.

Defendant is a foreign corporation and the issuance of the writ of attachment was predicated upon an affidavit, filed on behalf of plaintiff, in which it was stated, in substance, that the action was upon contract against a defendant not residing in the state.

The single question presented by the appeal is whether the action is upon contract or in tort. [1] If it be an action in tort, the remedy of attachment does not lie (*Hallidie* v. *Enginger,* 175 Cal. 505 [166 Pac. 1]; *Mudge* v. *Steinhart,* 78 Cal. 34 [20 Pac. 147]; Code Civ. Proc., sec. 537); and if any doubt arises as to the nature of the action, it should be construed as one in tort. (10 Cor. Jur. 1026.) But if the action be one upon contract, appellant concedes that the motion for the dissolution of attachment was properly denied.

It is the contention of appellant that the respondent's cause of action is the common one against the carrier to recover damages for injury to goods while in transit, and is therefore founded upon a breach of public duty, which constitutes a tort. (10 Cor. Jur. 107; 4 Cal. Jur. 868; Civ. Code, sec. 2194.) [2] With respect to that it may be granted that it is the carrier's duty, independent of con-

tract, to properly ventilate its cars in order to preserve perishable goods in transit, and that any failure to comply with such duty resulting in loss or injury to the shipper renders the carrier liable for the damage sustained. (10 Cor. Jur. 93.)

In respondent's complaint it is alleged that "in consideration of certain reasonable hire and reward to be paid therefor" the defendant "promised and agreed to transport said potatoes under and give them 'standard ventilation.' That in and by the terms 'standard ventilation' was meant and intended, and was so understood by the parties hereto, that all ventilators on said car should be closed when the outside temperature fell to 32 degrees above zero; that all ventilators should be opened when the outside temperature rose above 32 degrees above zero."

[3] We are of the opinion that, in the absence of any legal showing to the contrary, the contract pleaded in the complaint imposed upon the carrier a duty or obligation in respect to the goods beyond that which the law itself imposed, and which was of advantage to respondent; that therefore the action must be construed as one upon contract rather than one for the breach of carrier's public duty. (Hutchinson on Carriers, 3d ed., secs. 1331 and 1328, and cases cited.) If the complaint had alleged merely that the appellant had failed to give the shipment "proper ventilation," or if there had been any *contra* showing made by the affidavit or otherwise at the time this motion was presented, to the effect that the obligation of the contract sued upon extended no further than to require the performance of the common public duty, or if a sufficient averment of facts had been presented in that regard, to even raise a doubt upon that question, a different situation would be presented.

[4] Appellant contends, and correctly so, we think, that the question of whether or not the action is founded in tort or upon contract is not to be determined exclusively from the particular language employed in the complaint, if it be made to appear that the nature of the obligation sued upon constitutes a tort. (*Hallidie* v. *Enginger, supra.*) But, as before stated, there was nothing whatever before the trial court, and nothing here, by which such fact is

made to appear.   [5]   The allegations of respondents' complaint stand undisputed, and in the absence of any evidence as a basis, we are not prepared to hold, as a matter of law, that the common public duty of a carrier to properly ventilate potato shipments requires that all ventilators should be closed when the outside temperature falls to thirty-two degrees above zero and shall be opened when the temperature rises above that degree.

The order appealed from is affirmed.

Tyler, P. J., and St. Sure, J., concurred.