**CARSTENSEN v. UNITED STATES FIDELITY & GUARANTY CO.**

Circuit Court of Appeals, Ninth Circuit.
June 25, 1928.

No. 5403.

1. **Executors and administrators** ⊕⟶533—**Creditor cannot sue surety on executor's bond until final accounting and settlement.**

Creditor may not bring an action against the surety on an executor's bond until after the final accounting and settlement of the estate in probate.

2. **Courts** ⊕⟶489(13)—**Strict probate matters are not within federal court's jurisdiction.**

Matters of strict probate are not within jurisdiction of federal courts.

3. **Executors and administrators** ⊕⟶533—**Creditor could not sue surety on executor's bond for deficiency arising from mortgage foreclosure, where probate court had not ordered claim paid (Rem. Comp. Stat. Wash. §§ 1543, 1546).**

Creditor *held* not entitled, under Rem. Comp. Stat. Wash. §§ 1543 and 1546, to sue surety on executor's bond for claim arising through deficiency on mortgage foreclosure, under allegations that estate was being wasted and that executor had failed to comply with section 1529, where creditor's claim had not by probate court been ordered paid.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by Anton C. Carstensen against the United States Fidelity & Guaranty Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error, hereinafter named the plaintiff, brought an action in the court below, alleging diversity of citizenship of the parties, and that in August, 1923, Clarissa Bigelow died, and upon September 1, 1923, her will was admitted to probate by a superior court of the state of Washington; that the executor named in her will was duly appointed and confirmed; that the defendant became the surety on his bond in the sum of $25,000; that within the time allowed for the presentation of claims against the estate claims amounting to $12,320.90 were presented; that the plaintiff duly presented a claim which was rejected by the executor; that on May 17, 1924, he brought an action to recover judgment against the executor for $4,000, with interest and costs, and the foreclosure of a mortgage given by the decedent to secure said sum; that in May, 1924, judgment was rendered for $4,824.29, and that the mortgage be foreclosed, and that in case of a deficiency the amount thereof should be paid by the executor in due course of administration; that in June, 1924, the plaintiff at execution sale bought in the real property so foreclosed for $880.06 and credited the same on his judgment; that the balance of $4,000 has never been paid; that all other claims against the estate have been paid in full by the executor, although they were in the same class as the plaintiff's claim; that demand has been made from time to time upon the executor for the payment of the said judgment, but without success, and that the estate is being eaten up by the payment of taxes, allowances to the beneficiaries of the will, and allowances to the executor, at-

torney's fees, interest, and costs, and is liable to become insolvent through maladministration; that the executor has failed to comply with section 1529 of Remington's Compiled Statutes, requiring him within 30 days after the expiration of the time for creditors to file claims to file a complete report, containing a statement of claims allowed and claims rejected, the amount of property of the estate, moneys collected, and sums paid out. The plaintiff demanded a judgment against the defendant for $4,000, with interest and costs. A demurrer was interposed for lack of jurisdiction of the subject-matter of the action and legal capacity of the plaintiff to sue and failure to state facts constituting a cause of action. The demurrer was sustained and the action was dismissed.

Jesse Thomas, of Tacoma, Wash., for plaintiff in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is assigned as error that the trial court sustained a demurrer to the complaint for want of jurisdiction of the subject-matter of the action, until such time as the probate court should lose jurisdiction over the res. But it is a settled rule that a creditor may not bring an action against the surety on an executor's bond until after the final accounting and settlement of the estate in probate. Commonwealth v. Magee, 220 Pa. 201, 69 A. 805; Reed v. Hume, 25 Utah, 248, 70 P. 998; Probate Court v. Chapin, 31 Vt. 375. Exceptions to that rule are found in cases, some of which are cited by the plaintiff, where claims have been judicially ascertained and by the probate court ordered paid, or where there has been such maladministration of the estate as to constitute a breach of the conditions of the bond, or where the executor has fled from the state, so that jurisdiction cannot be had to compel an accounting. The present case does not come within any of the exceptions, for the claim has not by the probate court been ordered paid. Section 1543, Remington Code, provides: "No claim against the estate shall be paid until the same shall first have been allowed by both the executor or administrator and the court."

And section 1546 provides: "Whenever a decree shall have been made by the court for the payment of creditors, the executor or administrator shall be personally liable to each creditor for his claim or the dividend thereon, except when his inability to make the payment thereof from the property of the estate shall result without fault upon his part. The executor or administrator shall likewise be liable on his bond to each creditor."

[2, 3] Matters of strict probate are not within the jurisdiction of the federal courts. Sutton v. English, 246 U. S. 199, 205, 38 S. Ct. 254, 62 L. Ed. 664. It is true that where, by state law, parties interested are given the right to bring an action inter partes as to independent matters in probate, federal courts, if there be diversity of citizenship and a sufficient amount in controversy, may entertain jurisdiction. But, as was said by the court in Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 44, 30 S. Ct. 10, 12 (54 L. Ed. 80): "A citizen of another state may establish a debt against the estate. Yonley v. Lavender, 21 Wall. 276 [22 L. Ed. 536]; Hess v. Reynolds, 113 U. S. 73 [5 S. Ct. 377, 28 L. Ed. 927]. But the debt thus established must take its place and share of the estate as administered by the probate court; and it cannot be enforced by process directly against the property of the decedent." And while in Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260, it was held in view of the issues involved that a distributee, citizen of another state, might establish his right to share in an estate and enforce such adjudication against the administrator or his sureties, the case was one that came within the exceptions to the general rule above noted, for the complaint alleged gross misconduct on the part of the administrator, his false inventory of the property, his personal use of the money of the estate for his private gain, and his fraudulent acquisition of a receipt in full for the plaintiff's share in the estate, and it was said in the opinion that a federal court of chancery sitting in Missouri would not enforce demands against an administrator or executor, if the courts of the state having general chancery powers could not enforce similar demands.

The judgment is affirmed.