[Civ. No. 839.   Fourth Appellate District.—March 23, 1933.]

ALLEN F. BULLARD, Respondent, v. JENNIE ROSEN-BERG, Appellant.

Goldberg & Lieberman for Appellant.

Guy Knupp and William Ellis Lady for Respondent.

CAMPBELL, J., *pro tem.*—This is an action brought to quiet the title of plaintiff to certain real property situate in the county of Tulare and also to certain real property situate in the county of Los Angeles. The complaint is in the usual form of such actions. The answer of defendant Jennie Rosenberg contains a general denial of the title of plaintiff and alleges in general terms that said defendant owns an interest in the property superior to any right, title or interest of the plaintiff. As a separate defense the answer alleged that the right, title and interest of plaintiff is subject to the lien of a writ of attachment issued out of the county of Los Angeles, state of California, in an action wherein the defendant and appellant here is plaintiff and one Kate A. Bullard is defendant, and alleges that at the date of the levy of the writ said Kate A. Bullard had an interest in the property superior to that of the plaintiff. The plaintiff relies, in proof of his title, upon a deed executed and delivered subsequent to the levy of the writ of attachment.

Two questions are involved in the appeal: (1) Whether a good and valid lien on the property is shown by the evidence introduced by appellant at the trial, and (2) did the trial court abuse its discretion in refusing to grant a continuance of the trial.

Plaintiff and respondent offered the deed conveying the property to him, and appellant makes no contention that the evidence is not sufficient to establish allegations of the complaint with respect to the title of respondent. Appellant's only assertion is that the property is subject to the lien of attachment issued out of the Superior Court of Los Angeles County. In support of this position appellant offered in evidence (1) a certified copy of the complaint in the Los Angeles action; (2) the affidavit for attachment; (3) writ of attachment and sheriff's return thereon; (4) the undertaking on attachment. The affidavit for attachment reads as follows: "I am the Plaintiff herein; that the Defendant herein is indebted to me in the sum of $27,850.00, Gold Coin of the United States, over and above all legal setoffs and counterclaims, upon an implied contract, for the direct payment of money, to wit: For monies had and received by defendant for the use and benefit for plaintiff,

and that such contract was made or is payable in this State, and that the payment of the same has not been secured by any mortgage or lien upon real estate or personal property, or any pledge of personal property.''

It is the evident purpose of appellant to bring herself within the provisions of subdivision 1 of section 537 of the Code of Civil Procedure, which provides for the issuance of a writ of attachment upon a contract express or implied for the direct payment of money. The question then to be decided here is whether the action is one upon a contract, express or implied. Turning to the complaint in the Los Angeles action, upon which the writ of attachment is based, we find it to be in six counts. The first four causes of action are for damages alleged to have been suffered by the plaintiff by reason of perjury and fraud on the part of the defendant, such perjury and fraud relating to a false affidavit that service had been made upon the plaintiff in a prior foreclosure suit. It is clear that the first four causes of action are for a tort. The fifth cause of action is for damages for fraud and misrepresentation and is likewise plainly a cause of action *ex delicto*. The sixth cause of action, which is the basis, apparently, of the affidavit for the writ of attachment, after repeating all of the allegations of the first five causes of action, sets up a common count for money had and received for the use and benefit of the plaintiff in the sum of $27,850. It is clear that this is but another way of pleading the cause of action set up in the fifth cause of action. Appellant concedes that the sixth cause of action is but a restatement, in another form, of the facts set forth in the fifth cause of action, and argues that under the facts stated in the fifth cause of action, the action for money had and received in the sixth cause of action is the same, it being true that the two causes of action are based on a single transaction, to wit, a written agreement for the exchange of real property which the appellant contends was induced by false and fraudulent representations as to the value of the property which she was to receive in the exchange, and it is then legally possible for the appellant to waive the tort and sue upon an implied contract for money had and received. Appellant asserts that this may be done and cites in support thereof *Minor* v. *Baldridge,* 123 Cal. 187 [55 Pac. 783]. The rule, however,

has well-recognized limitations. In 3 Cal. Jur., page 379, the limitation of the rule as to waiver of tort is thus expressed: "The rule that the owner of personal property may waive the tort and sue in *assumpsit* does not extend to a case where he has voluntarily parted with his property in exchange for something received by him in return, since no contract will be implied by law as against an express contract not disavowed by either party. Thus, the fact that the exchange of property was induced by fraud will not give the party defrauded a cause of action based on the theory that the property surrendered was sold to the wrongdoer for an agreed sum of money."

The court in *Bechtel* v. *Chase*, 156 Cal. 707 [106 Pac. 81, 83], makes the basis for this limitation very clear. It is said there:

"The plaintiff seeks to bring the case within the rule that where personal property is wrongfully converted, the injured party may 'waive the tort and sue in *assumpsit*'. In many jurisdictions this doctrine is limited to cases where the wrongdoer has sold the property or otherwise converted it into money, in which event the plaintiff may maintain an action for the proceeds (4 Cyc. 332). In this state, however, as in a number of others, a broader rule enables one whose goods are wrongfully taken and used by another to sue in *assumpsit* for their value as for goods sold and delivered. (*Roberts* v. *Evans,* 43 Cal. 380; *Lehmann* v. *Schmidt,* 87 Cal. 15 [25 Pac. 161]; *Chittenden* v. *Pratt,* 89 Cal. 178 [26 Pac. 626].) But the application of this rule, even in its more liberal form, cannot be extended to a case where plaintiff has voluntarily parted with his property in exchange for something received by him in return. The very basis of the 'waiver of tort' is that plaintiff consents to the taking of his property and affirms the act of the wrongdoer. He treats it as a sale, and recovers the value due him under an implied contract of sale. But where he has actually agreed to an exchange, which is executed, his affirmance of the transaction is an affirmance of it as a whole. Having parted with his property for an agreed consideration, he cannot, while relying upon his transfer as one made pursuant to contract, hold the defendant to the payment of any other consideration than the

one agreed upon. No contract will be implied by the law as against an express contract not disavowed by either party. So long as plaintiff treats the transfer of the notes to Foster as valid, his only remedy for the fraud alleged by him is by means of an action in tort to recover damages therefor."

It is true that the case of *Minor* v. *Baldridge, supra,* is authority for a generally recognized rule, but such rule is limited in its application, and the case before this court is within the limitation rather than the rule. In the recent case of *San Francisco Iron & Metal Co.* v. *Abraham et al.,* 211 Cal. 552 [296 Pac. 82, 83], the court, in quoting the opinion of the District Court of Appeal, said:

"The plaintiff's complaint is in two counts. The first count specifically pleads a cause of action as for deceit. The second count pleads a cause of action as for moneys had and received. It was stipulated at the trial that both counts are but different methods of pleading one transaction. It nowhere appears that the plaintiff rescinded the partnership contract, offered to rescind it, nor even at this time, offers to place the defendant *in statu quo.*

"(1) The foregoing facts show that the plaintiff's grievance is a tort and under our statute it was not entitled to an attachment. (Code Civ. Proc., sec. 537; *Hallidie* v. *Enginger,* 175 Cal. 505, 509 [166 Pac. 1].) Moreover, searching the entire record, nothing appears showing any contract under which the defendant became indebted to the plaintiff ' . . . upon a contract express or implied for the direct payment of money . . . ' (Code Civ. Proc., sec. 537; *Willett & Burr* v. *Alpert,* 181 Cal. 652, 662 [185 Pac. 976]; . . . *California Packing Corp.* v. *Kato,* 45 Cal. App. 491, 492 [188 Pac. 57].)

"(2) The plaintiff points to the count as for money had and received, asserts that that count sounds in contract, and therefore claims that in any event it was entitled to take out a writ of attachment. In making this claim it is assuming that the court is passing on a demurrer, whereas the proceeding before the court is a motion to dissolve an attachment. The question is not what the plaintiff has pleaded but what in truth and in fact is its grievance. The count for moneys had and received was evidence on the

issue before the court, but no more conclusive than any other item of evidence before the court.

"(3) The plaintiff's complaint on the hearing of the motion before the court stood as an affidavit. (*Jacobs, Malcolm & Burtt* v. *Railway Co.*, 71 Cal. App. 42, 44 [234 Pac. 328].) That is, the hearing on the motion before the court was similar to a hearing on a motion to dissolve an injunction. That the plaintiff's verified pleading stands as an affidavit on a motion to dissolve an injunction, is made clear by the authorities. (*Faulkinsburg* v. *Lucy*, 35 Cal. 52, 60, 61 [95 Am. Dec. 76]; *Hefflon* v. *Bowers*, 72 Cal. 270–272 [13 Pac. 690]; *Hiller* v. *Collins*, 63 Cal. 235–237; *Christopher* v. *Condogeorge*, 128 Cal. 581, 585 [61 Pac. 174].)

"(4) Moreover, by pleading the count in *assumpsit* the plaintiff waived the tort and affirmed the original contract. But, by the terms of that contract the defendant never bound himself to repay to the plaintiff the amount of its expenditures. (*Bechtel* v. *Chase*, 156 Cal. 707, 711, 712 [106 Pac. 81].) Therefore, it was not entitled to a writ of attachment."

The action commenced by appellant, *Jennie Rosenberg* v. *Kate A. Bullard*, in the Superior Court of Los Angeles County, was not one in which the issuance of a writ of attachment was authorized. The writ was not irregularly issued, but it was improperly issued and is therefore void. (*Mudge* v. *Steinhart*, 78 Cal. 34 [20 Pac. 147, 12 Am. St. Rep. 17]; *Talcott Land Co.* v. *Hershiser*, 184 Cal. 748 [195 Pac. 653].)

We have examined the record and find nothing therein upon which might be predicated any showing justifying a continuance. There are no affidavits on file setting forth facts upon which the court might have granted a continuance. It is clear that the court did not abuse its discretion in refusing to grant the continuance.

"It is a settled rule of practice that an application for a continuance is addressed to the sound discretion of the trial court, and its ruling will not be reviewed except for the most cogent reasons. The trial court is apprised of all the circumstances of the case and the previous proceedings, and is, therefore, better able to decide upon the propriety of granting the application than an appellate court; and when it exercises a reasonable, and not an arbitrary

discretion, its action will not be disturbed.'' (5 Cal. Jur., p. 968.)

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.