[S. F. No. 16427. In Bank.—November 7, 1940.]

ALBERT E. HILL, as Public Administrator, etc., Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Ralph E. Hoyt, District Attorney, J. F. Coakley, Chief Assistant District Attorney, and Owen Hotle, Jr., Deputy District Attorney, for Petitioner.

A. J. Woolsey and Walter V. Cairns for Respondents.

EDMONDS, J.—The petitioner in this proceeding for a writ of prohibition is an administrator who brought suit against H. S. Craig, his predecessor, to recover money alleged to have been embezzled from the estate of W. F. Gibbard, deceased. Certain money claimed to be due to Craig was garnished under a writ of attachment. Craig then moved to vacate the attachment upon the ground that the action was prematurely brought. At the hearing of this motion the respondent judge stated that it would be granted. This proceeding was then brought in the District Court of Appeal, which denied the petitioner any relief. The case is here upon an order granting a hearing in this court.

According to the complaint, Craig was appointed executor in 1935. He continued to act in that capacity until December 4, 1939, when his letters testamentary were revoked.

The petitioner, who was later appointed administrator with the will annexed, declares that the superior court has no jurisdiction to discharge the attachment for the reason that it was issued in an action upon both an express and implied contract for the direct payment of money within the meaning of section 537, subdivision 1, of the Code of Civil Procedure. Such an action, he asserts, may be brought at any time because section 612 of the Probate Code provides: "If any person embezzles, conceals, smuggles or fraudulently disposes of any property of a decedent he is chargeable therewith, and liable to an action by the executor or administrator of the estate for double the value of the property, to be recovered for the benefit of the estate." The respondents take the position that the order which it is asserted is about to be made is one within the jurisdiction of the probate court and from which an appeal may be taken. For this reason, it is said, prohibition is not the proper remedy. Moreover, on the merits, they contend that the accounts of the former executor must be settled in the probate court before it can be determined what amount, if any, is chargeable against him, and an action brought in advance of that decision is premature.

It is elementary that prohibition may be resorted to only in cases where a court is acting in excess of jurisdiction and there is no other adequate remedy in the ordinary course of law. However, in the application of this rule, the term jurisdiction is now generally held to include for certain purposes the authority or power to act in a case in a particular way. Under the modern practice, the writ of prohibition may sometimes issue to prevent the exercise of unauthorized power in a case where the court has jurisdiction of the parties and the subject-matter (*Rodman* v. *Superior Court,* 13 Cal. (2d) 262 [89 Pac. (2d) 109] ; *Michel* v. *Williams,* 13 Cal. App. (2d) 198 [56 Pac. (2d) 546]) and it is allowed in exceptional cases where there is also a remedy by appeal if the circumstances are aggravated and justify immediate relief. (*Golden State Glass Corp.* v. *Superior Court,* 13 Cal. (2d) 384 [90 Pac. (2d) 75].) In the present case it is alleged that the release of the attachment would render worthless any judgment secured by the plaintiff, and the

circumstances which are pleaded in detail justify the procedure which has been invoked.

■ Upon the merits, the principal question for decision is whether the amended complaint states a cause of action in contract upon which an attachment may issue. By the first count of this pleading it is charged that the defendants converted property of the estate to their own use. Clearly this is a cause of action *ex delicto* and cannot be the basis for the issuance of a writ of attachment. (*San Francisco Iron etc. Co.* v. *Abraham,* 211 Cal. 552 [296 Pac. 82]; *Jacobs, Malcolm & Burtt* v. *Northern Pacific Railway Co.,* 71 Cal. App. 42 [234 Pac. 328].)

In the second count of the amended complaint, it is charged that Craig received $95,000 for the use and benefit of the plaintiff and the heirs, legatees and devisees of the estate and that no part of this sum has been paid except the sum of $17,000. By a third cause of action it is alleged that on May 16, 1939, Craig was indebted to the estate in the sum of $67,955.56 for money had and received, and that he executed a contract whereby he promised to pay the estate this amount. The fourth count alleges that on July 15, 1939, Craig owed the estate $78,000 which he then promised to pay. The fifth cause of action repeats the allegations of the preceding one except that the date when Craig was indebted and promised to pay is said to be November 20, 1939. In the sixth count, plaintiff alleges mismanagement of the estate and appropriation of funds in an amount to be ascertained by an accounting.

■ It is conceded that the probate court has exclusive jurisdiction to settle the account of the former executor and an action to determine the amount of his indebtedness in the form of an action for money had and received may not be maintained. (*Turney* v. *Shattuck,* 96 Cal. App. 590 [274 Pac. 442]; *King* v. *Chase,* 159 Cal. 420 [115 Pac. 207]; *Smith* v. *Fidelity & Deposit Co.,* 130 Cal. App. 45 [19 Pac. (2d) 1018].) ■ On the other hand, where the facts show a misappropriation of funds one may waive the tort and sue upon an implied contract for money had and received. (*Bechtel* v. *Chase,* 156 Cal. 707 [106 Pac. 81]; *Hoare* v. *Glann,* 176 Cal. 309 [168 Pac. 349]; *Philpott* v. *Superior Court,* 1 Cal. (2d) 512 [36 Pac. (2d) 635, 95 A. L. R. 990].) Such an action is based upon the tort of embezzlement, yet the action is one *ex contractu,* in which the plaintiff may have

a writ of attachment. (*Los Angeles Drug Co.* v. *Superior Court,* 8 Cal. (2d) 71 [63 Pac. (2d) 1124]; *McCall* v. *Superior Court,* 1 Cal. (2d) 527 [36 Pac. (2d) 642, 95 A. L. R. 1019].)

At common law the authority of an administrator *de bonis non* did not extend to any property which had been administered by his predecessor. A conversion of funds constituted an act of administration and the administrator *de bonis non* had no office to perform (*Reed* v. *Hume,* 25 Utah 248 [70 Pac. 998]; *Wilson* v. *Arrick,* 4 MacArthur & M. (11 D. C.) 228, affirmed in 112 U. S. 83 [5 Sup. Ct. 75, 28 L. Ed. 617]; *United States* v. *Walker,* 109 U. S. 258 [3 Sup. Ct. 277, 27 L. Ed. 927]; *Hodge* v. *Hodge,* 90 Me. 505 [38 Atl. 535, 60 Am. St. Rep. 285, 40 L. R. A. 33]; *Vandeventer* v. *Florida Sav. Bank,* 162 Mo. App. 34 [141 S. W. 900]); he could not maintain an action at law against his predecessor for anything save unadministered effects existing in specie. (*Hodge* v. *Hodge, supra; Yancy* v. *Yancy,* 183 Ky. 512 [209 S. W. 858, 3 A. L. R. 1249]; *Johnson* v. *Hogan,* 37 Tex. 77; *Brown* v. *Brown,* 72 W. Va. 648 [78 S. E. 1040, 47 L. R. A. (N. S.) 995].)

However, modern statutes have greatly enlarged the authority of such administrators. (Woerner, The American Law of Administration, 3d ed., vol. 2, sec. 352, p. 1169.) ■ It is now the duty of the succeeding administrator to do everything necessary to completely administer the estate, and all the authority vested in his predecessor passes to him. This necessarily gives him power to call the former representative to account for any money in his possession at the time of his removal because it is unadministered property. He may therefore sue his predecessor for mismanagement or any other breach of duty whereby the property of the deceased was diverted from the due course of administration. (*Herren's Estate,* 40 Ore. 90 [66 Pac. 688]; *Todd* v. *Willis,* 66 Tex. 704 [1 S. W. 803].) Such actions are allowed on the theory that although the probate court has exclusive jurisdiction of the settlement of an executor's account, a cause of action to recover the value of property withheld or embezzled is not a demand for an accounting nor is an accounting necessary to determine its validity. And in a number of jurisdictions an administrator *de bonis non* may maintain an action against his predecessor for an undetermined amount before an accounting in the probate court. (*Douglas*

532

v. *Day*, 28 Ohio St. 175; *State of Missouri to use of Shields Adm'r of Wishart*, v. *Flynn*, 48 Mo. 413.)

█ In the second, third, fourth and fifth counts of the complaint, the plaintiff is seeking to recover upon an implied contract to repay money allegedly converted by the former executor to his own use. The action is based upon specific transactions and the amount asserted to be due is definitely stated. So far as these causes of action are concerned the action was not brought prematurely and will support a writ of attachment.

A peremptory writ of prohibition will issue as prayed.

Carter, J., Curtis, J., York, J., *pro tem.*, and Moore, J., *pro tem.*, concurred.

Rehearing denied.