POWELL v. POWELL.

No. 7097.   Decided January 20, 1948.   (188 P. 2d 736.)

See 49 C. J. Pleading, sec. 92. 41 Am. Jur. 447.

*P. N. Anderson,* of Nephi, for appellant.

*O. DeVere Wootton,* of American Fork, for respondent.

PER CURIAM.

Action by the plaintiff, as administrator, to recover from the defendant the value of twenty shares of stock alleged to have been a part of the assets of the estate, and alleged to have been converted by the defendant to his own use. Defendant demurred generally upon the ground that the complaint did not state facts sufficient to constitute a cause of action against him; and specially, for other reasons. The demurrer was sustained, and since the plaintiff elected to stand upon his pleading, the action was dismissed. Plaintiff has appealed to this court from the trial court's judgment dismissing the action.

The plaintiff after alleging his qualifications as administrator, next alleged that at the time of her death, which

occurred November 10, 1945, Esther A. Powell was the owner of twenty shares of 7% preferred stock of the Utah Power and Light Company, of a value of $2,500. Plaintiff then alleged that the defendant on and preceding that date was the holder and in possession of said property for the benefit and use of all persons interested in the estate of the decedent. The complaint continued with a recitation of plaintiff's appointment as administrator on March 3, 1946; and allegations of ownership of the stock in the plaintiff since that date; a refusal of defendant to surrender the stock to the plaintiff; and a conversion of the stock by the defendant after the death of the decedent and prior to the commencement of this action.

The plaintiff has alleged in his complaint the ownership of the stock in the decedent at the time of her death, and the creation of a trust by her prior to her death in which the defendant is named as trustee and all persons interested in the estate of the decedent are the cestuis que trust. The identical stock is alleged as the trust res, to be distributed to the beneficiaries of the trust; and at the same time the same stock is alleged to have been property of the estate. These allegations cannot both be true. If the decedent created a trust of this property with third-party beneficiaries, then from all that appears from this record, she divested herself of the title and ownership thereof. She could not have been the owner of the stock at the time of her death if prior to and at that time the defendant was rightfully holding the stock in trust for her heirs and creditors. If she were the owner of the stock at the time of her death, and the defendant subsequently converted it to his own use, the right of action would rest in the administrator. Not so if the defendant converted trust property. In the latter instance, the right of action would run to the beneficiaries of the trust.

In the case of *Barrette* v. *Dooly*, 21 Utah 81, 59 P. 718, the deceased had by deed of trust conveyed certain real and personal property to the defendant for the purpose of converting the same into money, out of which he was to pay

the debts of the deceased and then to pay any residue to his two heirs. The defendant was named executor under the will, but was later removed and plaintiff substituted as administrator. Said this court in that case at page 86 of 21 Utah, and at page 719 of 59 P.:

"As the trust deed divested the said Norton of his title to the property conveyed, the proceeds derived from the sale thereof by the trustee constitute no part of the decedent's estate, and the plaintiff, as administrator, in no event is entitled to have the same, or any part thereof, turned over to him. The cestuis que trustent are the only parties who are entitled to the same, and, since the death of the said Norton, are the only parties who, under the facts alleged in the complaint, can be injured by a failure to dispose of said proceeds in accordance with the terms of the trust deed. *The trustee is under obligations to no one except the beneficiaries of the trust, and, if he has failed to execute his trust, those alone who are injured by its nonperformance have a right to maintain an action for its enforcement.*" (Italics ours.)

In the case at bar if the property is being held for the use and benefit of all persons interested in the estate and there has been a breach of the trust agreement, then they are the proper parties to maintain the action. If the property was not being held in trust but was property which belonged to the estate, then the administrator would have the right to maintain this action.

It being impossible to reconcile the repugnant and inconsistent allegations of the complaint and to determine whether the cause of action vested in the administrator or the beneficiaries, the general demurrer was properly sustained. It is unnecessary to treat the questions raised by the special demurrer. As was stated by this court in the case of *Combined Metals, Inc., et al.* v. *Bastian et al.,* 71 Utah 535, 554, 267 P. 1020, 1026:

"* * * It, of course, is familiar doctrine that where allegations of a declaration are repugnant to and inconsistent with each other, they thereby neutralize each other and render the declaration bad on general demurrer; * * *."

The complaint having failed to state a cause of action against this defendant, we affirm the judgment of the lower court, the respondent to have his costs.