[L. A. No. 2429.   Department One—December 11, 1909.]

LUKE D. BECHTEL, Appellant, v. LUCIUS K. CHASE, Administrator with the Will Annexed of the Estate of Charles D. Foster, Deceased, Respondent.

EXCHANGE OF PROPERTY INDUCED BY FRAUD—SALE FOR MONEY NOT AFFECTED.—The fact that an exchange of property was induced by fraud does not give the party defrauded a cause of action based on the theory that the property surrendered was sold to the wrongdoer for an agreed sum of money.

ID.—WAIVER OF TORT—SUING ON IMPLIED CONTRACT.—In this state, one whose goods are wrongfully taken and used by another may waive the tort and sue in *assumpsit* for their value, as for goods sold and delivered. Such rule, however, does not extend to a case where the plaintiff voluntarily parted with his property in exchange for something received by him in return.

ID.—CONTRACT NOT IMPLIED WHEN EXPRESS.—No contract will be implied by law as against an express contract not disavowed by either party.

ID.—ESTATE OF DECEASED PERSON—ACTION ON REJECTED CLAIM.—In an action against the estate of a decedent upon a rejected claim the plaintiff cannot recover upon any other cause of action than the one set up in the claim which has been presented and rejected.

ID.—CLAIM FOR GOODS SOLD—AMENDMENT OF COMPLAINT—CAUSE OF ACTION BASED ON FRAUD.—Where a claim, as presented against the estate of a decedent, was in form for the purchase price of goods sold and delivered, and after its rejection, an action was brought thereon based on the theory of a sale, an amendment of the complaint, to conform to the proofs adduced at the trial, setting up a cause of action based upon the fraud of the decedent in procuring an exchange of property, is not permissible.

APPEAL—IMMATERIAL ERRORS—JUDGMENT.—Alleged errors of the trial court in admitting or rejecting evidence, or in instructing the jury, are without prejudice on appeal, when it appears from the record that the judgment rendered was the only one that could properly be rendered.

APPEAL from an order of the Superior Court of Riverside County refusing a new trial. B. F. Bledsoe, Judge presiding.

The facts are stated in the opinion of the court.

William F. Palmer, Luke D. Bechtel, and Palmer & Mahan, for Appellant.

Lafayette Gill, and Louis W. Myers, for Respondent.

SLOSS, J.—This action was brought against the administrator with the will annexed of the estate of Charles D. Foster, deceased, to recover from said estate the sum of $7550 principal and interest thereon from January 1, 1904, at the rate of six per cent per annum.

The complaint states plaintiff's case in three counts or causes of action. While these vary somewhat in phraseology, all are based upon the same transaction. The first is in the form of a common count, alleging that the estate of Charles D. Foster, deceased, is indebted to plaintiff in the sum of $7550, with interest from the first day of January, 1904, for goods, wares, merchandise, bills of exchange, promissory notes, stocks and choses in action sold, furnished, and delivered by plaintiff to decedent, at decedent's special instance and request, in decedent's lifetime. The second alleges that on the twenty-fourth day of August, 1896, Charles D. Foster, the decedent, purchased of and from the plaintiff the undivided one hundred and fifty-one three hundred and sixteenths of two promissory notes of the Northern Investment Company of Kentucky at and for the price of $7550, and agreed to pay interest on said purchase price at the rate of six per cent per annum from said date until paid; that pursuant to said agreement plaintiff delivered to said decedent the said undivided interest in said notes, and that no part of the purchase price except interest to January 1, 1904, has been paid. The third count alleges that on the twenty-fourth day of August, 1896, the plaintiff was the owner of one hundred and fifty-one three hundred and sixteenths of two certain promissory notes of the Northern Investment Company of Kentucky; that on said day plaintiff sold his said undivided interest in said notes to said Charles D. Foster at and for the price of $7550 to be paid on demand with six per cent per annum interest payable semi-annually. The delivery of the notes and plaintiff's interest therein and the non-payment by Foster of any part of the amount due except interest to January 1, 1904, are alleged as in the second count.

All three counts contain the necessary allegations regarding the death of Foster, the admission of his will to probate in the county of Suffolk in the commonwealth of Massachusetts, in which Foster had resided, the subsequent admission of said will to probate in the county of Riverside in this state, and

the appointment of the defendant Chase as administrator with the will annexed. Each count also alleges the presentation to the said administrator and the rejection by him of plaintiff's claim as creditor. This claim stated plaintiff's demand as follows:—

"Estate of Charles D. Foster . .

"To Luke D. Bechtel, of Los Angeles, Dr.

Aug. 24, 1896. To purchase price of 151-316 interest in two promissory notes of the Northern Investment Co. of Kentucky, obligor,                                   $7550.00
April 17, 1906. To interest accumulated on the above purchase price at six per cent per annum from date of sales payable semi-annually . . . from January 1st, 1904, to April 17th, 1906 (previous accumulations of interest having heretofore been paid by the decedent in his lifetime),                               $1096.30

"Total                    $8646.30

"The said Charles D. Foster promised to pay the said sum of seven thousand five hundred and fifty ($7550.00) dollars, amounting on April 17th, 1906, principal and interest, to eight thousand six hundred forty-six & 30-100 ($8646.30) dollars."

The answer makes no denial of the admission of the will to probate, of the appointment of the administrator, or of the presentation and rejection of the claim as alleged. The other material allegations of the complaint are denied. The case was tried before a jury which returned a verdict in favor of the defendant. Judgment was entered upon this verdict and plaintiff subsequently moved for a new trial. His motion was denied and he now appeals from the order denying said motion.

As will be seen from the above statement of the pleadings, the action is, as to each count of the complaint, one to recover the purchase price of personal property alleged to have been sold for a stated price and delivered. The actual transaction between the parties was, however, something very different from such sale. Taking the evidence in the light most favorable to the appellant's claim it may be said to have disclosed substantially the following state of facts:—

The Northern Investment Company was a corporation organized under the laws of Kentucky. It had executed certain promissory notes, some of which were owned and held by the plaintiff and one Grubb, plaintiff's interest in said notes being one hundred and fifty-one three hundred and sixteenths. The Northern Investment Company became involved in financial difficulties, and Foster, who was its president, undertook a scheme of reorganization. A new corporation, the Mercantile Realty Company, was to be formed to take over the property of the Northern Investment Company; holders of notes of the Northern Investment Company were requested to surrender their notes and take in exchange therefor preferred stock of the Mercantile Realty Company at par. Letters urging the plaintiff to surrender his notes and accept stock of the Mercantile Realty Company upon this basis were written by Foster and plaintiff finally consented to make the exchange. He surrendered his Northern Investment Company notes to Foster and received in exchange preferred stock of the Mercantile Realty Company of the par value of $7550, together with $6.68 in cash, the total $7556.68 representing the amount then due on plaintiff's interest in the notes. We may assume for the purposes of this discussion that the evidence supports the plaintiff's contentions that the agreement in question was made by Foster personally and not on behalf of the Mercantile Realty Company; that Foster falsely and fraudulently represented to plaintiff that the preferred stock of the Mercantile Realty Company was worth its par value and that the plaintiff believed these fraudulent representations and entered into the agreement in reliance upon them; and, further, that the said stock was in fact worthless.

So assuming, it may be conceded that plaintiff had a right of action against Foster for any damage sustained by reason of the fraud practiced upon him. But we are entirely unable to see how the circumstances above detailed could be held to constitute a sale by Bechtel to Foster of the notes of the Northern Investment Company for $7550. The transaction was not a sale of the notes for an agreed price but was one whereby the notes were transferred in consideration of the issue to plaintiff of preferred stock in the corporation. The plaintiff might proceed in any one of various ways to seek relief for the fraud practiced upon him in inducing him to

exchange his notes for worthless stock. He might rescind the transaction and recover the notes which he had been induced to turn over; he might perhaps, treating the transfer of the notes as void, recover them or their value without rescission. (*Wendling Lumber Co.* v. *Glenwood Lumber Co.,* 153 Cal. 411, [95 Pac. 1030].) He might bring an action for the deceit practiced upon him and recover such damage as he could show to have been suffered by him. In such last-mentioned action the measure of recovery might be the same as that here sought: i. e. the value which the preferred stock would have had if the false representations made with regard to it had been true. (*Cruess* v. *Fessler,* 39 Cal. 336; *Spreckels* v. *Gorrill,* 152 Cal. 383, [92 Pac. 1011].) But on no possible theory can it be said that the fact that an exchange of property was induced by a fraud would amount to proof that the property surrendered was sold to the wrongdoer for an agreed sum of money.

The plaintiff seeks to bring the case within the rule that where personal property is wrongfully converted, the injured party may "waive the tort and sue in *assumpsit.*" In many jurisdictions this doctrine is limited to cases where the wrongdoer has sold the property or otherwise converted it into money, in which event the plaintiff may maintain an action for the proceeds (4 Cyc. 332). In this state, however, as in a number of others, a broader rule enables one whose goods are wrongfully taken and used by another to sue in *assumpsit* for their value as for goods sold and delivered. (*Roberts* v. *Evans,* 43 Cal. 380; *Lehmann* v. *Schmidt,* 87 Cal. 15, [25 Pac. 161]; *Chittenden* v. *Pratt,* 89 Cal. 178, [26 Pac. 626].) But the application of this rule, even in its more liberal form, cannot be extended to a case where plaintiff has voluntarily parted with his property in exchange for something received by him in return. The very basis of the "waiver of tort" is that plaintiff consents to the taking of his property and affirms the act of the wrongdoer. He treats it as a sale, and recovers the value due him under an implied contract of sale. But where he has actually agreed to an exchange, which is executed, his affirmance of the transaction is an affirmance of it as a whole. Having parted with his property for an agreed consideration, he cannot, while relying upon his transfer as one made pursuant to contract, hold the defendant to the

payment of any other consideration than the one agreed upon. No contract will be implied by the law as against an express contract not disavowed by either party. So long as plaintiff treats the transfer of the notes to Foster as valid, his only remedy for the fraud alleged by him is by means of an action in tort to recover damages therefor.

We have up to this point discussed the case as if it were merely one of variance between the pleadings and the proof. If this were all, it might be said that the plaintiff should be allowed to amend his complaint to conform to the case made by him. An amendment of the complaint, however, would be of no avail. The action is one upon a claim presented to an administrator. The claim itself is one for the purchase price of an interest in the two notes and alleges that decedent promised to pay the sum of $7550. It is thoroughly settled in this state that in an action against the estate of a decedent upon a rejected claim the plaintiff cannot recover upon any other cause of action than the one set up in the claim which has been presented and rejected. (Code Civ. Proc., sec. 1500; *Lichtenberg* v. *McGlynn*, 105 Cal. 45, [38 Pac. 541]; *McGrath* v. *Carroll*, 110 Cal. 79, [42 Pac. 466]; *Barthe* v. *Rogers*, 127 Cal. 52, [59 Pac. 310]; *Etchas* v. *Orena*, 127 Cal. 588, [60 Pac. 45]; *Brooks* v. *Lawson*, 136 Cal. 10, [68 Pac. 97]; *Morehouse* v. *Morehouse*, 140 Cal. 88, [73 Pac. 738]; *Morse* v. *Steele*, 149 Cal. 303, [86 Pac. 693].)

In this action, therefore, it would be impossible for the plaintiff, under any form of pleading, to recover except by showing facts which would justify a finding that he had sold to Foster an interest in the promissory notes for the price of $7550. The case made by the plaintiff in the court below proves conclusively that he has no such cause of action and cannot establish one. If a new trial were granted the result would necessarily be the same as that already reached. Under these circumstances it is useless to consider the alleged errors of the trial court in admitting or rejecting evidence or in instructing the jury. From the facts appearing it is perfectly clear that, regardless of the rulings complained of, a judgment for the defendant was the only one that could properly be rendered. The alleged errors could not, therefore, have been prejudicial. (*Robinson* v. *Western Pacific R. R. Co.*, 48 Cal. 424; *Hughes* v. *Wheeler*, 76 Cal. 230, [18 Pac. 386]; *Foster* v.

*Carr*, 135 Cal. 83, [67 Pac. 43]; *Mamlin* v. *Pacific Electric Ry. Co.*, 150 Cal. 776, [89 Pac. 1109].)

The order denying a new trial is affirmed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.