[S. F. No. 6391. Department Two.—May 12, 1915.]

## HIRAM COREY, Appellant, v. JAMES P. STRUVE and AUGUST STRUVE, Respondents.

LANDLORD AND TENANT—CONVERSION.—The owner of land can recover for the conversion of beet-tops grown thereon by the defendants as tenants under an agreement that the beet-tops shall remain on the land and be plowed under as fertilizer by the defendants, the profits received by defendants from such wrongful dealing with the property of plaintiff.

ID.—INCIDENTAL BENEFIT TO PLAINTIFF.—In such an action it is no defense that the defendants in disposing of the beet-tops conferred an incidental benefit upon the land of plaintiff from the fact that the beet-tops wrongfully sold by the defendants as fodder were fed to cattle on the premises and the cattle fertilized the land.

SPECIAL OWNERSHIP—WHEN IT LIMITS RECOVERY.—Where defendants had no ownership in the property, the sort of ownership enjoyed by plaintiff is immaterial, since the rule that owners of a special interest in property may recover only to the extent of such interest applies only to cases where the suit is brought against the owner of the remaining interest, or his assignee.

PRESUMPTION OF DAMAGES—APPLICATION OF PROPERTY TO BENEFIT OF OWNER.—The presumption dealt with in sections 3336 and 3337 of the Civil Code does not apply to a case in which the owner received only a consequential benefit from the misapplication of the property and therefore the question as to whether or not the defendants had a possession rightful from the beginning is immaterial.

APPEAL from a judgment of the Superior Court of Monterey County. M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

Daugherty & Lacey, for Appellant.

J. H. Andresen, J. A. Bardin, W. S. White, and Wyckoff & Gardner, for Respondents.

MELVIN, J.—Plaintiff appeals from an adverse judgment. The complaint contained allegations that plaintiff leased to defendants certain land in Monterey County for a term of years; that while defendants were in possession of the said land plaintiff was the owner of certain beet-tops which had

been cut from beets grown upon said property under said lease; that defendants, without right, converted said beet-tops to their own use, sold said personal property, and received therefor the sum of $3,271.27, which was the value thereof at the time of conversion; that said amount of money with interest thereon had been demanded by plaintiff from defendants, but that the latter had refused to comply with plaintiff's demands. Plaintiff also pleaded a prior judgment in which he was declared to be the owner of the beet-tops.

Defendants, by their answer, admitted plaintiff's ownership of the beet-tops, but alleged that such ownership was limited and special, for the sole purpose of having the beet-tops remain upon the ground where they had been grown and cut, defendants being entitled to the possession of said beet-tops for the purpose of plowing them under as a fertilizer. They also admitted the existence of the judgment declaring plaintiff's ownership of the personalty in question, but declared that such ownership was the sort of limited one which they had pleaded. They further alleged that with plaintiff's permission they had sold the beet-tops to be fed to cattle on the premises and averred that the fertilizing effect of feeding the beet-tops upon the ground where they had been grown and cut was greater than that produced by plowing under, and they denied that plaintiff had been injured by their conduct, but asserted that he had been greatly benefited thereby.

The court found that plaintiff had a qualified, special, and limited ownership in the property, "in this, that neither the plaintiff nor the defendants had any right to remove any of said beet-tops from said leased lands, but it was the duty of the defendants as tenants of the plaintiff to plow said beet-tops under as a fertilizer of said leased lands." There were further findings that defendants had sold the beet-tops for the aggregate sum alleged; that the beet-tops had been eaten by the cattle of the purchasers upon the leased property, and "that the fertilizing benefit to lands, derived from the ordure and urine of cattle while feeding beet-tops as said beet-tops were fed, is equivalent to the fertilizing benefit the lands receive when the beet-tops are plowed under, and for this reason the plaintiff was not damaged and sustained no detriment by the conduct of the defendants in selling said beet-tops and feeding them to cattle upon said leased premises." It was

also found that plaintiff did not consent to the sale of the beet-tops.

At the trial there was expert testimony which tended to support the finding of the equivalent value of the substituted fertilizer.

The only question to be determined, therefore, is whether or not tenants, bound under the terms of their lease to use a landlord's property in a certain way, may subvert said property to another and to them a profitable use and escape all liability because the benefit to the realty was as great as that which was contemplated by the landlord in covenanting for the disposition of the personal property. At the outset respondents insist that this is an action for conversion.

While the complaint does allege that the property was "converted" by the defendants, we think that the action was in reality one in *assumpsit* for the value of the property sold, or perhaps it might be more aptly characterized as one in the nature of a suit for money had and received. In this state one whose goods are wrongfully taken and used by another may sue in *assumpsit* for their value as for goods sold and delivered. (*Bechtel* v. *Chase,* 156 Cal. 711, [106 Pac. 81] ; *Fountain* v. *Sacramento,* 1 Cal. App. 462, [82 Pac. 637] ; *Atkins* v. *Gamble,* 42 Cal. 100, [10 Am. Rep. 282] ; *Pratt* v. *Clark,* 12 Cal. 90.) But we are not here greatly concerned about the particular form of the action. In this state we have but one form of action which has no special designation, and it cannot be defeated as at common law because not properly named. (*Faulkner* v. *First National Bank,* 130 Cal. 263, [62 Pac. 463].) Such an action as this is governed by equitable principles (*Crocker-Woolworth Bank* v. *Nevada Bank,* 139 Cal. 571, [96 Am. St. Rep. 169, 63 L. R. A. 245, 73 Pac. 456]), and applying such principles, particularly the maxim that "no man shall profit by his own wrong," we cannot agree with respondents in their contention that they are entitled to any "side profit" from the sale of the beet-tops.

The learned judge who presided at the trial of the case based his decision upon these propositions : 1. Plaintiff's ownership in the beet-tops was qualified, extending only to his right to have them plowed under ; 2. The measure of damages would be the value of the property converted ; 3. The manure resulting from keeping the cattle on the land was equivalent as a fertilizer to the beet-tops plowed under ; and, 4. Defend-

ants could make such defense because their possession was not "wrongful from the beginning." (Civ. Code, sec. 3337.)

The sort of ownership enjoyed by the plaintiff is a false quantity because the defendants were not and did not claim to be owners of any part of the beet-tops. So far as they were concerned the plaintiff had full title to the property, and the fact that he was bound by his contract to allow them to apply his property to the enrichment of land from which they were to get a portion of the crops, did not make them part owners of the beet-tops. The rule that the owners of a special interest in property may recover only to the extent of such interest applies only to cases where the suit is brought against the owner of the remaining interest or his assignee. (*California C. F. Assoc.* v. *Ainsworth,* 134 Cal. 463, [66 Pac. 586].) The tops had a value as a fertilizer when plowed under and a value as cattle food. If the owner chose to enter into a contract whereby his tenants were to plow the tops under, surely the tenants' violation of that agreement could not clothe them with proprietorship of the feed. Suppose instead of beet-tops the property had been horses and plows which under the lease the tenants were bound to use only upon the landlord's acres, delivering the implements and animals to the owner at the end of the season in good condition, and suppose that after doing the plowing on their landlord's fields the tenants had rented the personal property to a neighbor on the theory that the exercise was good for the horses and the extra plowing efficacious for keeping the rust from the plows, would any one contend that the tenants might retain the fruits of the unauthorized exploitation of their landlord's property? So in the case before us, the unauthorized profit should belong to the person whose property earned it.

The lower court held that the presumption declared by section 3336 of the Civil Code was repelled by showing an application of the property to the benefit of the owner. It is true that section 3337 of the Civil Code provides that "The presumption declared by the last section cannot be repelled in favor of one whose possession was wrongful from the beginning, by his subsequent application of the property to the benefit of the owner, without his consent." But that section was never intended to apply to a case where the owner received a mere consequential benefit. It was only intended to affect cases where the entire beneficial value of the property

was applied to the use of the owner. Appellant contends that the possession of the beet-tops by respondents may not be characterized as rightful from the beginning because, although they had possession for a special purpose, the different sort of possession which they took, by means of the cattle, for the purpose of destroying the beet-tops was a trespass and was wrongful from the beginning; but assuming that their possession was rightful within the meaning of section 3337 of the Civil Code, they did not show a subsequent application of plaintiff's property or the selling price thereof to his benefit.

In the absence of an express agreement with the owners the defendants could by no possibility have any interest in the proceeds of the sale of his property. Their only agreement was not with reference to the proceeds of a sale, but related to their right to have the vegetable matter applied in the form in which it then existed to the land of which they were tenants. This right they waived when they disposed of the beet-tops. They then sold another man's property with which they had been entrusted for a special purpose. A trustee who disposes of trust property must replace it with its fruits or account for its proceeds with interest. (Civ. Code, sec. 2237.) One who wrongfully detains a thing is an involuntary trustee thereof for the benefit of the owner. (Civ. Code, sec. 2223.)

It follows from the above discussion that plaintiff was entitled to the proceeds of the sale of his property wrongfully made by defendants, and that the decision to the contrary was erroneous. The judgment is therefore reversed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.