[S. F. No. 7554. Department One.—October 16, 1917.]

## P. H. HOARE, Respondent, v. MERRIE A. GLANN, as Executrix, etc., Appellant.

MUNICIPAL CONTRACT—ASSIGNMENT OF CONTRACT—MATERIALS USED IN PERFORMANCE — FORFEITURE ON FAILURE TO PERFORM — RIGHTS OF ASSIGNOR AND ASSIGNEE.—Where a contract with a town for paving work provided that if the contractor failed to perform the work satisfactorily the town might complete the work, and in that event all material for its completion on and along the work should become the town's property and might be used by it without any allowance to the contractor, and the contractor assigned the contract with a provision in the assignment that if the assignee failed to prosecute the work to the satisfaction of the town and the town notified the original contractor, the assignee's interest should cease and the original contractor might thereupon complete the work, and the town not being satisfied with the manner in which the assignee was performing the work, so notified the original contractor and directed him to complete the work under his original contract, and the original contractor thereupon completed the work, and, in doing so, took possession of and used material lying on and along the work, consisting of crushed rock which he had himself sold to his assignee of the contract, his status on beginning the work anew was precisely the same as if he had never made an assignment of the contract; the rock was the property of his assignee, and he was liable to that assignee for having appropriated it.

ID.—CAUSE OF ACTION — TORT OR IMPLIED CONTRACT FOR REASONABLE VALUE.—In such a case the assignee had the right to waive the wrong committed by appropriating the material and to claim as under an implied contract for its reasonable value.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial. Edgar T. Zook, Judge.

The facts are stated in the opinion of the court.

Henry Conlin, and E. B. Martinelli, for Appellant.

B. D. Marx Greene, and J. A. Elston, for Respondent.

SHAW, J.—The defendant appeals from the judgment and from an order denying her motion for a new trial. The action was begun in the lifetime of Nathaniel P. Glann. The complaint states a cause of·action against him for the recovery of $4,463.24, alleged to have been due from him to the plaintiff, for crushed·rock sold and delivered by plaintiff to said Glann. After the trial, but before the decision below, Glann died and the defendant, as administratrix of his estate, was duly substituted as defendant.

The answer alleged as a counterclaim against the plaintiff that the plaintiff was indebted to Glann in the sum of $6,590.64 for crushed rock belonging to Glann, appropriated and used by said plaintiff, upon which, after deducting the amount due to the plaintiff upon the account sued on by him, there remained a balance of $2,127.40, for which the defendant asked judgment against the plaintiff.

The court found that the money was due to the plaintiff from the decedent for the rock sold by plaintiff to said decedent in his lifetime, as alleged in his complaint, but that the plaintiff had not appropriated or used any rock belonging to said decedent and was not indebted to decedent, and that nothing was due upon the counterclaim. Judgment was thereupon given for $4,463.24 due upon the plaintiff's claim.

The facts are as follows: The plaintiff entered into a contract with the town of Larkspur for the paving of a street in said town. After making the contract Hoare assigned the same to said Nathaniel P. Glann. The agreement of assignment provided that Glann was to perform the work required by said contract and that if he failed to prosecute the work to the satisfaction of the engineer of the town of Larkspur, or the board of trustees thereof, then upon written notice to Hoare from said board that the contract was not being properly performed, the interest of Glann in the contract should cease, and that Hoare might thereupon inform the board that the assignment had been terminated and immediately proceed to complete the work himself. There was an oral agreement between Glann and Hoare, at the time of the assignment, that Glann should purchase from Hoare the

crushed rock to be used in performing the contract, to be delivered by Hoare on the cars at Petaluma at the price of eighty cents per ton. In pursuance of the assignment Glann entered upon the performance of the contract and did a large amount of work thereunder. Under the oral agreement he purchased from Hoare a large quantity of crushed rock which was delivered to him at Petaluma, and by him was carried from Petaluma to the place of work, along the streets, ready for use. He had not paid therefor in full, and the amount sued for in the complaint was the balance unpaid upon the rock so purchased. Glann had also procured rock from others and some of this rock had been delivered for use on the street. When Hoare took charge of the work after the default of Glann a large quantity of this rock lay along the line of work ready for use. There was evidence tending to prove that the value of this rock, in place, as it lay ready for use, was $6,590.64, as alleged in the counterclaim. After partly completing the work Glann was notified by the town board that the work was not being done to the satisfaction of the engineer, and the board also gave written notice to Hoare that the contract was not being properly performed. The board refused to allow Glann to proceed, and directed that Hoare should complete the work under the original contract with the town. Hoare proceeded to complete the work after taking charge thereof, and used in such completion the whole of the rock so provided by Glann therefor and lying along the line of the work.

The court below made findings to the effect that Hoare had not appropriated, taken, or used any rock or other property belonging to Glann, and held that Glann was not entitled to anything on account of the rock provided by him along the street and used by Hoare in the completion of the improvement.

The original contract with the town of Larkspur provided that if Hoare, the original contractor, failed to perform the work to the satisfaction of the town authorities, the town itself could take possession thereof and proceed to complete the work, and that if it did so, the material provided for its completion by the contractor and delivered upon and along the work should become the property of the town, and could be used by it in such completion without allowing the contractor anything therefor. The court below was of the

opinion that when Hoare took charge of the work to complete the contract he did so as agent of the town of Larkspur; that he was entitled to all the rights of said town, and that in using the material already provided by Glann he was not appropriating the property of Glann to that use, but was taking property which belonged to the town of Larkspur, and that he owed Glann nothing therefor.

We think the court was mistaken as to the legal effect of the facts proven and admitted to be true. It is clear from the evidence that the transaction by which Hoare took over from Glann the further prosecution of the work and completed it himself was a mere carrying out of the terms of the agreement between him and Glann for the assignment of the original contract. When Glann was discharged by the town board from the further prosecution of the work, the board passed a resolution referring to the terms of the assignment of the original contract by Hoare to Glann, and to the fact that said assignment had terminated by reason of the notice previously given by the board to Hoare and Glann, and stating that by the terms of the original contract Hoare was still bound to perform the work required thereby; that he had offered to do so, and that in the opinion of the board it was for the best interests of the town and Hoare that he should be directed to do so, and thereupon it directed Hoare to proceed forthwith to complete the work under his original contract. It was in pursuance of this resolution that Hoare completed the work. His status upon beginning the work anew was precisely the same as if he had never made an assignment to Glann. The town did not undertake the performance of the work itself, as the original contract provided that it might do, but instead thereof directed the original contractor Hoare to perform his contract in accordance with its terms. The forfeiture of the rock provided by Glann for the work and delivered along the line of the street, as provided by the original contract, was not enforced by the town and did not take place. It follows that the town never acquired any right to said rock, and that Hoare, upon again taking up the work, did not succeed to any rights of the town to the rock provided by Glann. With respect to Glann and Hoare, the rock so provided was the property of Glann. Hoare had no legal right to appropriate it to his own use, except with Glann's consent. The title to the rock sold to

Glann had completely passed to Glann at the time Hoare appropriated it.   Glann thereupon had the right to waive the wrong committed by Hoare in appropriating the rock without Glann's consent, and to claim as under an implied contract for the value thereof as it lay upon the street.   The court should have made findings in accordance with the evidence upon the facts set forth in the counterclaim, and should have allowed the defendant the reasonable value of the material in place at the time it was appropriated by the plaintiff.

The judgment and order are reversed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.