[S. F. No. 15710. In Bank.—December 29, 1936.]

LOS ANGELES DRUG COMPANY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

[L. A. No. 16038. In Bank.—December 29, 1936.]

LOS ANGELES DRUG COMPANY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

William H. Haupt and Charles W. Cradick for Petitioner.

Macfarland, Scheinman & Sisenwein, Max Sisenwein and David Blonder for Respondent.

THOMPSON, J.—There are here involved two proceedings by which the petitioner seeks to prohibit the superior court from dissolving an attachment in a case pending in Los Angeles County, entitled *Los Angeles Drug Co.* v. *Albert I. Holland et al.* The allegations of the complaint in that case are to the effect that the defendants conspired and confederated together for the purpose of converting goods, wares, drugs and merchandise belonging to the plaintiff to their own use and benefit; that in pursuance thereof they did convert drugs, goods, wares and merchandise owned by the plaintiff to their own use and benefit; that the reasonable value of the goods so converted is the sum of $18,000; and that no part thereof has been paid, although demand has been made therefor. A second count alleges that defendants have taken goods the full amount of which is unknown to plaintiffs; that the total amount can only be learned by an accounting; asks

for an accounting and for the reasonable value of the goods taken. A writ of attachment was issued and levied. The defendants interposed a motion to dissolve the attachment upon the ground that the case was not one in which a writ of attachment may issue. The argument here, in behalf of respondent, proceeds upon that theory.

■ Before considering that question, however, there are other preliminary matters of which we should dispose. A petition for the writ of prohibition was first presented to the District Court of Appeal. That court issued its alternative writ and on June 26, 1936, made an order denying the peremptory writ of prohibition and discharging the alternative writ theretofore issued, without, however, delivering an opinion or giving any reason in writing for the order. Five days later, or on June 30, 1936, the District Court of Appeal amended the order just mentioned, by providing as follows: "the alternative writ heretofore issued is vacated and quashed", instead of ordering it discharged. A petition for the writ of prohibition was filed in this court upon the theory that the alternative writ had been quashed and the respondent superior court permitted to immediately make the order it was alleged it was threatening to make. We issued the alternative writ, in case S. F. No. 15710. Subsequently, however, and on July 10, 1936, the District Court of Appeal rendered its opinion in the matter pending before it, and made its order denying the peremptory writ of prohibition and quashing and vacating the alternative writ. This court then granted a hearing and transferred the cause to this court. Inasmuch as both cases involve the same contemplated order we need not discuss them separately nor the reasons for or propriety of our issuance of the alternative writ, other than to consider the propriety of the order purporting to vacate and quash the alternative writ, the obvious purpose of which was to render the decision of the District Court of Appeal final. Undoubtedly, the order was made upon the strength of the case of *Fink* v. *Superior Court*, 105 Cal. App. 540 [288 Pac. 124]. A reading of that case discloses, however, that it cannot be considered as justifying the order here made. The situation there considered was an extreme one for which the petitioner was directly responsible, and the holding therein cannot be considered as altering the general rule. Obviously, section 4c of article VI of the Constitution

implies that the District Court of Appeal shall retain jurisdiction after decision, over all causes for the periods therein specified, and that thereafter the Supreme Court shall have jurisdiction for the times therein stated, for the purpose of granting a hearing in all proper cases. Ordinarily, every effort should be made to preserve the right which the parties have under the section of the Constitution to seek a hearing in this court.

Passing now to the question of whether the peremptory writ should issue we note that when this cause was called for oral argument, respondent's counsel stated it to be their desire to have the case decided on the question of whether a writ of attachment lies in this action rather than to urge that prohibition is not a proper remedy herein. Without setting forth the facts upon which petitioner relies we may therefore assume that the present case is one wherein an appeal does not afford an adequate remedy.

Reverting to the question of whether a writ of attachment should issue, we note that counsel have divided it into two separate questions, as follows:

1. Does the complaint state a cause of action in contract, and 2. Assuming that the first question is answered affirmatively, will an attachment lie?

It is well settled that where personal property is converted the injured party may ''waive the tort and sue in *assumpsit''*. (*Bechtel* v. *Chase,* 156 Cal. 707, 711 [106 Pac. 81] , *Corey* v. *Struve,* 170 Cal. 170, 172 [149 Pac. 48], and *Hoare* v. *Glann,* 176 Cal. 309, 313 [168 Pac. 346].) Nor is the aggrieved party in this jurisdiction limited, as he is in some others, to those cases where the wrongdoer has sold or converted the property into money. (*Bechtel* v. *Chase, supra.*)

Does the complaint here declare in *assumpsit?* In *Corey* v. *Struve, supra,* the allegations of the complaint were in all material respects identical with those now before us, and the court said: ''While the complaint does allege that the property was 'converted' by defendants, we think that the action was in reality one in *assumpsit* for the value of the property sold, or perhaps it might be more aptly characterized as one in the nature of a suit for money had and received.'' It is manifest from the allegations that plaintiff is seeking to recover the reasonable value of the goods taken. This is sufficient to characterize its complaint. In other

words, while the tort is the cause of injury, yet the action is one *ex contractu*.

It follows that the issuance of the writ of attachment is proper, and its validity is not necessarily dependent upon the case of *McCall* v. *Superior Court,* 1 Cal. (2d) 527 [36 Pac. (2d) 642, 95 A. L. R. 1019], nor contrary to *San Francisco Iron etc. Co.* v. *Abraham,* 211 Cal. 552 [296 Pac. 82], but rests upon a promise implied by law universally recognized, except as we have indicated, that in some jurisdictions the property must be changed into money before the action in *assumpsit* will lie. Having concluded that the complaint is framed upon the theory of an implied contract it is brought within the provisions of section 537 of the Code of Civil Procedure, and the peremptory writ should issue.

The peremptory writ of prohibition will issue as prayed.

Shenk, J., Curtis, J., Edmonds, J., Waste, C. J., and Seawell, J., concurred.