[Civ. No. 11567.   Second Appellate District, Division Two.—December 20, 1937.]

GEORGE E. PELTON, Appellant, v. LEWIS M. ANDREWS, as Executor, etc., Respondent.

Warren E. Libby for Appellant.

Chandler, Wright & Ward for Respondent.

WOOD, J.—This action was filed June 2, 1934. Thereafter the defendant, A. V. Andrews, died and probate proceedings were commenced. The executor of his will rejected a claim filed in the probate proceedings. Substitution of the executor was made as a party defendant in the present action and a trial was conducted resulting in judgment for the defendant, from which plaintiff prosecutes this appeal. Hereinafter A. V. Andrews will be referred to as the defendant.

Plaintiff is an inventor, and defendant was during the time of the transactions which are the subject of the litigation, a lawyer practicing in Los Angeles. He had had experience in patent matters but was not a registered patent solicitor. Under date of May 7, 1928, plaintiff wrote to defendant a letter which was accepted by defendant and became a contract between them. The part of the letter which is important in the present litigation follows: ''Referring to the services which you have rendered to me heretofore in connection with the preparation, development and application of patent upon my invention of coated ribbons for typewriters and other machines, and also to my invention for the application of cellulose coating material to various base materials, fibres and cloths and to paper for various and sundry uses, and referring to one or more set-ups or combinations of machinery and appliances for use in the production of products under said respective inventions,—I propose that, in addition to the services you have already rendered in connection with the inking ribbons and the like, you shall render from time to time such service as may be required in working out and preparing applications for patent and amendments thereto with reference to the inventions above briefly outlined, and shall render such further advisory service as may be found necessary or desirable from time to time in connection with the respective patent applications on the above subjects and also such suggestions as may occur to you concerning features which should receive further consideration or experiment in connection with the fuller development of said inventions,

processes and/or appliances,—it being understood that you are not required to make personal appearances before the Patent Office or handle the technical or clerical matters in-volved at Washington, . . . '' For the services to be performed under the contract plaintiff agreed to pay defendant the total sum of $10,000. The sum of $1,000 was actually paid. In his complaint plaintiff alleged that defendant breached the contract on or about the month of June, 1929, and thereafter ''failed, neglected and refused to perform or do any of the things required by him under and by virtue of the terms of said contract'' and that the services performed by defendant were of no value to plaintiff. Plaintiff further alleged that he had been required to employ other attorneys to perform the work which defendant had agreed to perform and that he was thereby damaged in the sum of $4,608.70. The trial court found that defendant performed the services required of him in accordance with the terms of the contract and that they were of great value to plaintiff. The court further found that plaintiff himself abandoned the contract on or about July 10, 1929, and that the action is barred by subsection 1 of section 337 of the Code of Civil Procedure. These findings are now attacked by plaintiff.

At the request of plaintiff defendant prepared an application for a patent covering typewriter ribbons which was filed in the United States patent office at Washington on April 3, 1928, by plaintiff's patent solicitor. The examiner in the patent office required numerous amendments to the specifications and claims. The matter was again referred to defendant, who worked out a number of proposed changes and mailed them to plaintiff on May 14, 1929. Considerable correspondence passed between defendant and plaintiff, who was then living in the eastern part of the United States. The patent was finally issued on October 15, 1929. An application for a different patent had been filed by plaintiff on May 5, 1927. Defendant had had nothing to do with the preparation of this patent application. On February 15, 1929, this application was rejected, subject to amendment which was required to be filed on or before August 15, 1929. Defendant knew nothing of the rejection of this patent. On July 7, 1929, plaintiff wrote from Buffalo a letter to defendant, in which plaintiff referred to that part of the contract in which defendant agreed to render services on ''the two pend-

ing applications'' and asked defendant to prepare the necessary amendments and have them ready for filing within three weeks. This letter arrived at defendant's office on July 11, 1929. At that time defendant was on vacation in Europe and was not expected back in time to be able to prepare the amendment. No request was made of defendant to render services after the letter dated July 7, 1929. During the time of defendant's employment and up to July, 1929, plaintiff frequently changed patent solicitors and during this period employed four different attorneys in various cities in the east to work on his patent applications. Defendant was not obligated by his contract to perform the work of a patent solicitor at Washington. Plaintiff's solicitors obtained extensions of time for the application filed May 5, 1927, and after a number of amendments were filed, a patent was finally issued on April 18, 1933. A detailed statement of all the evidence bearing upon the efforts of the parties to secure the patents would be inappropriate. Since plaintiff withheld information from defendant concerning the application of May 5, 1927, and of its rejection on February 27, 1929, until the month of July, 1929, a time in which an attorney might be expected to be on vacation, the trial court properly held that the request of plaintiff to complete the preparation of the amendment within three weeks was not made upon reasonable notice. We are satisfied that the record discloses sufficient evidence to sustain the finding of performance on the part of defendant. The conclusion we have reached on this point makes it unnecessary to consider the attacks upon the other two findings.

Plaintiff complains of the ruling of the trial court refusing to permit plaintiff to testify as a witness concerning matters of fact occurring before the death of Mr. Andrews. The ruling of the court was correct. In *George* v. *McManus,* 27 Cal. App. 414 [150 Pac. 73], the plaintiff and the defendant were owners of automobiles which collided and plaintiff commenced an action charging negligence and seeking to recover damages. Pending suit the defendant died and his personal representatives were substituted as defendants. The reviewing court held that the action constituted ''a claim or demand'' against the estate of McManus and that it was prejudicial error to permit the plaintiff to testify as to the occurrences and facts upon which he based his claim.

Plaintiff also complains of the ruling of the trial court in refusing to permit him to amend his complaint to show negligence on the part of defendant in rendering services. The court did not err in refusing to permit the amendment. The action is based upon the alleged failure of defendant to perform and not upon allegations that he was negligent or unskillful. In an action upon a rejected claim against the executor of the will of a deceased person the plaintiff can only recover upon the claim presented and rejected. He is not entitled to recover for any other cause of action. (*Lichtenberg* v. *McGlynn*, 105 Cal. 45 [38 Pac. 541]; *Estate of Dutard*, 147 Cal. 253 [81 Pac. 519]; *Mix* v. *Yoakum*, 200 Cal. 681 [254 Pac. 557]; *Bechtel* v. *Chase*, 156 Cal. 707 [106 Pac. 81].)

Plaintiff complains of various rulings of the trial court concerning the admission of evidence. We find no action of the trial court which has resulted in prejudice to plaintiff.

The record discloses that plaintiff has also appealed from a part of the order taxing costs, but no reference is made to that appeal in the briefs.

The judgment and order are affirmed.

Crail, P. J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 17, 1938.