[Civ. No. 12026. ˙ Second Appellate District, Division One.—September 17, 1940.]

MILTON S. RUNKLE, Respondent, v. W. G. LANE et al., Appellants.

C. H. Scharnikow and Wm. J. Clark for Appellants.

Thomas F. McCue for Respondent.

DORAN, J.—This is an appeal from an order denying a motion to discharge an attachment.

██ The complaint sets forth three separate and distinct causes of action, each based upon fraud and each divided into two counts; each first count sets up a cause of action for money after rescission upon the ground of fraud and each second count a cause of action for money had and received.

It appears from plaintiff's complaint that the plaintiff, who was of the age of sixty-six years at the time of the filing of the complaint, had been dealing with defendants for a period of more than twenty years; that defendants assumed and represented ''themselves to be acting as agents, advisers and counsellors of plaintiff, and during said time he was induced to repose great trust and confidence in defendants; that defendants represented that he could and should rely upon defendants in making his investments; that defendants represented that they were skilled in investment fields and plaintiff could rely upon their skill and need not investigate investments made and obtained for him by them; that the securities purchased for and issued to plaintiff were properly and legally issued and that defendants would obtain nothing for plaintiff except securities upon mortgages and deeds of trust which defendants had first investigated and purchased for their own account and which were amply secured. It further appears therefrom that the notes or bonds purported to have been sold by defendants to plaintiff were *never actually delivered* to plaintiff, but remained always in the custody and possession of defendants, and that in lieu of delivery of such notes or bonds, the defendants issued to plaintiff a *new and different* security of their own issue, denominated 'Certificate of Assignment'.'' (Italics included.)

Plaintiff filed an affidavit for attachment and later an amendment thereto, reciting that the payment of the contract sued upon ''has not been secured by any mortgage, deed of trust or lien upon real estate or personal property or any pledge of personal property''. It is from the order denying a motion to discharge such attachment that defendants appeal.

Appellants contend that from the face of the complaint it appears that the contract sued upon is secured by a lien upon real and personal property and that the affidavit for attachment is insufficient. Neither contention is sustained by the record.

656

The action is based upon an implied promise to pay, which cause of action was appropriate in the circumstances (*Philpott* v. *Superior Court,* 1 Cal. (2d) 512 [36 Pac. (2d) 635, 95 A. L. R. 990] ; *McCall* v. *Superior Court,* 1 Cal. (2d) 527 [36 Pac. (2d) 642, 95 A. L. R. 1019] ; *Los Angeles Drug Co.* v. *Superior Court,* 8 Cal. (2d) 71 [63 Pac. (2d) 1124] ; *Bechtel* v. *Chase,* 156 Cal. 707 [106 Pac. 81] ; *Corey* v. *Struve,* 170 Cal. 170 [149 Pac. 48] ; *Hoare* v. *Glann,* 176 Cal. 309 [168 Pac. 346]), and as pointed out by respondent, the remedy of attachment was therefore available. That plaintiff had the right to file an amendment to the affidavit for attachment there can be no question (Code Civ. Proc. 558). Moreover, it is important to note that the question as to the sufficiency of the affidavits in the light of the pleadings was and is a question necessarily addressed to the judgment of the trial court. That judgment will not be disturbed on appeal merely because the record affords an opportunity for a difference of opinion.

Other questions sought to be raised by appellants are beside the issue.

The record sustains the action of the trial judge, therefore the order appealed from is affirmed.

York, P. J., and White, J., concurred.