[S.F. No. 24680. Aug. 8, 1985.]

ALEC CAMPBELL MacPHAIL, Petitioner, v.
THE COURT OF APPEAL, THIRD APPELLATE DISTRICT et al.,
Respondents;
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING et al.,
Real Parties in Interest.

COUNSEL

Joan M. Graff and Chris Redburn for Petitioner.

No appearance for Respondents.

Prudence Kay Poppink, Robert Barnes, Rogers, Joseph, O'Donnell & Quinn, Marjorie E. Cox, Steven Owyang, Joy Fisher, John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, and Talmadge R. Jones, Deputy Attorney General, for Real Parties in Interest.

OPINION

BROUSSARD, J.— Petitioner Alec Campbell MacPhail brings this original writ proceeding[1] to challenge the validity of the injunction at issue in the related case, *State Personnel Bd.* v. *Fair Employment & Housing Com.* (1985) *ante,* page 422 [217 Cal.Rptr. 16, 703 P.2d 354]. Petitioner MacPhail, who alleges he was discriminatorily rejected from employment by the state, seeks a writ of mandate to vacate the orders of respondents Court of Appeal and superior court, which orders are currently preventing the Department of Fair Employment and Housing (DFEH) and the Fair

---

[1] Our original jurisdiction is invoked pursuant to California Constitution, article VI, section 10.

Employment and Housing Commission (FEHC or Commission) from processing his discrimination claim. MacPhail's petition is filed on behalf of himself and all other employees of and applicants to the state civil service who are similarly prevented from pursuing employment discrimination claims with DFEH and FEHC under the broad terms of the injunction issued in *State Personnel Bd.*[2]

In 1978 and 1981, MacPhail applied for the position of traffic officer cadet with the California Highway Patrol. Like the real parties in interest in *State Personnel Bd.*, MacPhail successfully passed all written and oral examinations, but was subsequently disqualified on the basis of the State Personnel Board's (Board) medical criteria for the position. MacPhail's back X-ray allegedly revealed anomalies of the lumbar spine, which the Board believed would present a higher than average risk of future back injury. MacPhail protested his disqualification, alleging that he had been an active participant in strenuous competitive athletics since childhood and had never suffered from any discomfort, stiffness, reduced movement or any other symptoms of back problems. MacPhail submitted the reports of four physicians, two of them orthopedic specialists, all finding him completely healthy and fit for the duties of a cadet.

After the Board rejected MacPhail's appeals in 1979 and 1981, he filed complaints with DFEH charging the Board and the California Highway Patrol with discrimination on the basis of physical handicap.[3]

---

[2] The order issued by the trial court in *State Personnel Bd.* permanently enjoined DFEH and FEHC "from initiating, accepting, or issuing any further investigations, complaints, accusations, notices of hearing, subpoenas, or other administrative or legal process in these or any other cases involving state agencies or agencies within the state civil service system under article VII [of the Constitution]."

[3] "Physical handicap" is defined in section 12926, subdivision (h) as including "impairment of sight, hearing, or speech, or impairment of physical ability because of amputation or loss of function or coordination, or any other health impairment which requires special educational or related services." The term "handicap" is not limited to present disabilities, but also includes physical conditions "that may handicap in the future but have no presently disabling effect." (*American National Ins. Co.* v. *Fair Employment & Housing Com.* (1982) 32 Cal.3d 603, 610 [186 Cal.Rptr. 345, 651 P.2d 1151].)

Regulations promulgated by the Commission further define a "handicapped individual" as a person whose physical handicap "substantially limits one or more major life activities," or who "has a record" of such a handicap, or who is "regarded as having" the handicap. (Cal. Admin. Code, tit. 2, § 7293.6, subd. (j).)

Under the Commission's regulations, an employer may not reject an individual who can presently perform the job duties based on a risk of future injury, so long as the individual is able to perform the job over a reasonable length of time (the length of which is to be determined on an individual basis). (Cal. Admin. Code, tit. 2, § 7293.8, subd. (d).)

An employer may exclude handicapped persons on the basis of class only if the employer proves that "all, or substantially all, persons in that class are unable to perform the job duties safely and efficiently." (*Sterling Transit Co.* v. *Fair Employment Practice Com.* (1981) 121 Cal.App.3d 791, 797 [175 Cal.Rptr. 548]; Cal. Admin. Code, tit. 2, § 7286.7,

DFEH has taken no action on MacPhail's complaints because it is enjoined from processing any charges of discrimination against the state civil service, under the terms of the injunction issued by the superior court in *State Personnel Bd.*

MacPhail repeats the arguments made by appellant FEHC and the real parties in interest in *State Personnel Bd.* (See *State Personnel Bd.* v. *Fair Employment & Housing Com., supra.*) To these arguments MacPhail adds the claim that the injunction against DFEH and FEHC denying him access to the adjudicatory procedures to which he is entitled under the Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) deprives him of a species of property without due process. (See *Logan* v. *Zimmerman* (1982) 455 U.S. 422 [71 L.Ed.2d 265, 102 S.Ct. 1148].) MacPhail contends that his "medical appeal" with the Board failed to satisfy the requirements of due process, primarily because the Board is not an impartial adjudicator of the lawfulness of its own employment standards.[4] He relies centrally on *Wong Yang Sing* v. *McGrath* (1950) 339 U.S. 33 [94 L.Ed. 616, 70 S.Ct. 445] and *Mennig* v. *City Council* (1978) 86 Cal.App.3d 341 [150 Cal.Rptr. 207].

We need not reach petitioner's due process claim, however, in view of our decision today in *State Personnel Bd.* For the reasons explained in that decision, we hereby grant the relief sought by petitioner MacPhail— namely, an order dissolving the injunction that has prevented DFEH and FEHC from moving forward on his complaint.

Let a peremptory writ of mandamus issue commanding respondent superior court to vacate its orders in *State Personnel Bd.* v. *Fair Employment & Housing Com., supra.* We reserve jurisdiction for the purpose of considering petitioner's request for an award of attorney's fees.

Bird, C. J., and Kaus, J., concurred.

**GRODIN, J.,** Concurring.—I find considerable merit in Judge Gilbert's criticism of the rule that issuance of the alternative writ constitutes a determination of the inadequacy of available legal remedies, and I agree that the rule should be reconsidered. The peculiar procedural history of this case, however, makes it in my view a less than ideal vehicle for that purpose. I

---

subd. (a).)

An employer may also refuse employment to individual handicapped persons who are unable to perform the job duties without endangering the health and safety of themselves or others. (§ 12940, subd. (a)(1); *Sterling Transit Co.* v. *Fair Employment Practice Com., supra,* 121 Cal.App.3d at pp. 798-799.)

[4]The Civil Service Act (Gov. Code, § 18500 et seq.) prohibits discrimination on the basis of physical handicap, unless it can be shown that the particular handicap is job related. (Gov. Code, § 19702, subd. (a).)

therefore concur in the judgment, subject to the reservations I expressed in the "companion" case, *State Personnel Bd.* v. *Fair Employment & Housing Com.* (1985) *ante,* page 422 [217 Cal.Rptr. 16, 703 P.2d 354].

**LUCAS, J.**—I respectfully dissent.

For the reasons stated in my dissent in *State Personnel Bd.* v. *Fair Employment & Housing Com.* (1985) *ante,* page 422 [217 Cal.Rptr. 16, 703 P.2d 354], I would deny the peremptory writ.

**MOSK, J.**—I dissent.

For the reasons stated in my dissent in *State Personnel Bd.* v. *Fair Employment & Housing Com.* (1985) *ante,* page 422 [217 Cal.Rptr. 16, 703 P.2d 354], and in my dissent in *American National Ins. Co.* v. *Fair Employment & Housing Com.* (1982) 32 Cal.3d 603, 611 [186 Cal.Rptr. 345, 651 P.2d 1151], I would deny the peremptory writ.

**GILBERT (R. L.), J.,**\* Dissenting.—While I have joined in Justice Grodin's concurring opinion in *State Personnel Bd.* v. *Fair Employment & Housing Com.* (1985) *ante,* page 422 [217 Cal.Rptr. 16, 703 P.2d 354], I dissent from the result here.

I would deny the extraordinary relief sought by petitioner McPhail here due to the adequacy of available legal remedies and the related absence of sufficient beneficial interest of petitioner in the substance of the litigation.

The procedural context of the instant case suggests the need to question what is, by now, the long-standing and accepted rule that issuance of an alternative writ is a final determination of the inadequacy of legal remedies. A review of the origins of the rule also suggests that its present form is not supported by the considerations which prompted the adoption of the original rule from which it derives.

On an appeal from the granting of a peremptory writ of prohibition in *Bowles* v. *Superior Court* (1955) 44 Cal.2d 574 [283 P.2d 704], this court deferred to the Court of Appeal's earlier determination of the inadequacy of legal remedy upon its issuance of an alternative writ and reached the merits of the controversy before it. We noted that, "It was, of course, the duty of that court before issuing an alternative writ to determine whether petitioners had another plain, speedy and adequate remedy in the ordinary course of law. Even though we may disagree with the determination of the

---

\*Assigned by the Chairperson of the Judicial Council.

District Court of Appeal as to the existence of another adequate remedy, it does not follow that we must refuse to allow the use of the writ to test the jurisdiction of the trial court. A final determination of the merits of this controversy at the earliest possible date is of great importance to all the parties, and it would hinder and delay rather than serve the interests of justice if we were, at this stage of the proceedings, to refrain from deciding whether the trial court has acted in excess of its jurisdiction." (*Bowles* v. *Superior Court, supra,* 44 Cal.2d 574, 582.)[1] The rule of convenience and judicial economy articulated in *Bowles* was subsequently applied in a similar context in *Atkinson* v. *Superior Court* (1957) 49 Cal.2d 338 [316 P.2d 960].

In *City of Los Angeles* v. *Superior Court* (1959) 51 Cal.2d 423 [333 P.2d 745], the *Bowles* rule of convenience and economy was expressed as a fixed rule of substance and procedure. In *City of Los Angeles,* involving the issuance of an alternative writ in the exercise of the court's original jurisdiction, we held that, "The absence of another adequate remedy was *determined* by this court when we granted an alternative writ." (*City of Los Angeles* v. *Superior Court, supra,* 51 Cal.2d at p. 429, italics added.) Without comment, *Atkinson* and *Bowles* were cited as authority for the quoted holding. The same rule, first expressed in cases involving prohibition, has been applied with equal force in cases of mandate. (See, for example, *Weber* v. *Superior Court* (1960) 53 Cal.2d 403, 406 [2 Cal.Rptr. 9].)

The rule that the issuance of the writ is a final determination of the inadequacy of available legal remedies has endured without critical comment or discussion throughout the subsequent decisions of this court and the Courts of Appeal.[2] (See, for example, *San Francisco Unified School Dist.* v. *Johnson* (1971) 3 Cal.3d 937, 944-945 [92 Cal.Rptr. 309, 479 P.2d 669];

---

[1] The notion that an available legal remedy, though fully adequate in the sense of providing a complete remedy, is nonetheless "inadequate" for writ purposes is not new or novel. An early discussion of the problems is found in *Rescue Army* v. *Municipal Court* (1946) 28 Cal.2d 460, 465-467 [171 P.2d 8] and in *Lockheed Aircraft Corp.* v. *Superior Court* (1946) 28 Cal.2d 481, 483-484 [171 P.2d 21, 166 A.L.R. 701]. In *Lockheed,* the court noted that, "Thus [the Court of Appeal] has assumed that prohibition was a proper remedy to raise the constitutional issues, and the parties now join in urging us to pass upon these issues. The proceedings in the [superior court] were interrupted many months ago and to avoid further delay we make the same assumption, solely for the purpose of this opinion, for we are satisfied that under all the circumstances a present disposition of the [merits] will serve to expedite rather than disturb, the orderly processes of justice. (See *Rescue Army* v. *Municipal Court, ante* p. 460.)" (*Lockheed Aircraft Corp.* v. *Superior Court, supra,* 28 Cal.2d at pp. 483-484.)

[2] An apparent application of the same rule concerning alternative writs to the issuance of an order to show cause was vigorously challenged by Justice Schauer in his dissent in *Hagan* v. *Superior Court* (1960) 53 Cal.2d 498, 505-512 [22 Cal.Rptr. 606, 371 P.2d 982]. Justice Schauer seemed to accept, however, application of the rule with regard to alternative writs. The realities of the procedures for the issuance of alternative writs, discussed *infra,* make Justice Schauer's comments equally pertinent here.

*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]; *Mannheim* v. *Superior Court* (1971) 3 Cal.3d 678, 686 [91 Cal.Rptr. 585, 478 P.2d 17]: *Atlas Plastering, Inc.* v. *Superior Court* (1977) 72 Cal.App.3d 63 [140 Cal.Rptr. 59].)[3]

The transition from a flexible rule of convenience to a rule of conclusive determination has not gone unnoticed, however. Noting the evolution, Professor Witkin notes that, "But in late cases the theories of waiver and discretion have been abandoned in favor of a positive rule of *fictional determination* of the issue[.]" (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 44, italics in original.) Questions of convenience to the parties and judicial economy aside, there does not appear to be anything inherent in the discretionary issuance of an alternative writ which compels the final acceptance of the court's preliminary review of a controversy upon the issuance of an alternative writ as the final word on the availability of adequate legal remedies. Indeed, to adopt such an inflexible rule of procedure is to give short shrift to what should be a serious question in the ultimate decision to grant or deny extraordinary relief. The alternative writ provides two options to the respondent: (1) comply, thus accepting the propriety of the writ and rendering further proceedings needless, or, (2) ". . . show cause before the court . . . why he has not done so." (Code Civ. Proc., § 1087.) Most cases, of course, do not involve compliance, but a taking up of the gauntlet, "to show cause." In cases where the alternative writ is issued without opposition (see Code Civ. Proc., § 1088 & rule 56(b), Cal. Rules of Court), it is indeed fictional to conclude that the question of adequate remedy has been fully addressed.

While the importance of the careful consideration of the adequacy of available legal remedies is the same for all courts, the issue is of particular importance when this court exercises its original jurisdiction under California Constitution, article VI, section 10. As we have held, this original jurisdiction is properly exercised only with a good degree of circumspection. (*San Francisco Unified School Dist.* v. *Johnson, supra,* 3 Cal.3d 937, 944-945.) The realities of the procedures by which writ petitions are reviewed and alternative writs issued belies the notion that the court's preliminary review of a case should be final and binding, no matter what develops, factually or legally, at subsequent, thorough hearings. Indeed, the practical

---

[3]Another line of cases has properly held that the court will forego redetermination of the question of adequacy of available legal remedies where respondent acquiesced in the original issuance of the alternative writ or joined in petitioner's desire that the matter be determined on the merits. (See, for example, *Commercial Bank* v. *Superior Court* (1923) 192 Cal. 395, 397 [220 P. 422]; *Los Angeles Drug Company* v. *Superior Court* (1936) 8 Cal.2d 71, 74 [63 P.2d 1124]; *Lockheed Aircraft Corp.* v. *Superior Court* (1946) 28 Cal.2d 481, 483 [171 P.2d 21].)

distinctions between alternative writs and orders to show cause are few, if any. (See the dis. opn. of Schauer, J., *Hagan* v. *Superior Court, supra,* 53 Cal.2d 498, 505-512, *ante,* fn. 2.)

The procedural context in which the instant petition arises and its implications for future invocations of this court's original jurisdiction, emphasize the need to reconsider an inflexible rule and to leave open the possibility of final rejection of a request for extraordinary relief after the issuance of an alternative writ on grounds of adequacy of available legal remedies. MacPhail is not a party or real party in interest in the primary litigation which he seeks to affect and which we resolve in *State Personnel Bd.* v. *Fair Employment & Housing Com., supra, ante,* page 422. Rather than pursue any other remedy available to him, MacPhail's first step in attacking the denial of his employment application by an administrative agency of state government was to seek the original jurisdiction of this court. He does not directly attack the decision in his case, but, rather, seeks to overturn a judgment of the superior court and a subsequent decision of the Court of Appeal in *another case* raising similar substantive issues of law. Indeed, he had neither pursued his own case to final administrative conclusion nor sought review under Code of Civil Procedure section 1094.5. I believe his available legal remedies are adequate and that extraordinary relief is inappropriate.

The instant petition also raises a substantial question whether MacPhail is a party "beneficially interested" such that he would be entitled to the relief sought. (Code Civ. Proc., § 1086.) "The requirement that a petitioner be 'beneficially interested' has generally been interpreted to mean that one may obtain the writ only if the person has some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large. [Citations omitted.]" (*Carsten* v. *Psychology Examining Com.* (1980) 27 Cal.3d 793, 796 [166 Cal.Rptr. 844, 614 P.2d 276].) What MacPhail asserts is not a beneficial interest in the particular subject matter of the *State Personnel Bd.* v. *Fair Employment & Housing Com.* litigation, but an interest in the *result* of the application of the general principle of law involved in that litigation to his, unrelated, case. As noted in *Carsten,* the requirement of beneficial interest refers to an interest in the very subject matter of the particular litigation and not a general interest in the subsequent application of a legal principle which might, incidentally, control the result in another case. Here, MacPhail has no personal interest in the outcome of the employment applications of Pade et al. to the State Personnel Board, but an interest in his own application which, he contends, has been adversely affected by the superior court and Court of Appeal rulings in the cases of the real parties in another case.

It is true, of course, that a "beneficial interest" has been found to exist in actions brought by taxpayers and other groups or individuals to enforce a matter of broad public interest and concern. (See, for example, *McDonald v. Stockton Met. Transit Dist.* (1973) 36 Cal.App.3d 436, 440 [111 Cal.Rptr. 637], and see *Carsten, supra,* 27 Cal.3d at pp. 797-799, and the dis. opn. therein commencing at p. 802.) The procedural posture of the *MacPhail* case, however, represents an even broader exception to the general rule requiring an explicit beneficial interest. MacPhail's interest in the outcome of the *State Personnel Bd.* v. *Fair Employment & Housing Com.* litigation is no more than the interest of any other potential litigant in this court's final resolution of any potentially applicable general principle of law.

Petitioner attempts to assert a "beneficial interest" equivalent to that recognized in cases such as *McDonald, supra,* 36 Cal.App.3d 436, by alleging that the petition is on his behalf and, "on behalf of employees and applicants of the State of California who have been or will in the future be victims of unlawful discrimination." The petition also alleges that the petition for hearing in the *State Personnel Bd.* v. *Fair Employment & Housing Com.,* case would be withdrawn. There is a critical distinction, however, between the jurisdictional facts alleged by MacPhail in support of his original petition in this court and facts which invoke the rules permitting actions by interested taxpayers or other groups without an explicit "beneficial interest." In the case of taxpayer or other group actions, the petitioners usually do not have individual standing to challenge the governmental action in question. "When the duty is sharp and the public need weighty, the courts will grant a mandamus at the behest of an applicant who shows no greater personal interest than that of a citizen who wants the law enforced. [Citations omitted.]" (*McDonald* v. *Stockton Met. Transit Dist., supra,* 36 Cal.App.3d 436, 440.) As noted by the Court of Appeal in *McDonald, supra,* "Inquiry into the beneficial interest of a California mandamus applicant is one phase of the general problem of 'standing'." (*McDonald, supra,* p. 440, fn. 4.) Unlike a citizen who seeks to challenge a government action and who is affected by that action no more than any other citizen, MacPhail, as would be any applicant, is a directly aggrieved applicant for employment who has direct access to the trial and intermediate appellate courts of this state. He has a whole panoply of remedies available to him in his own right. He need not invoke the spectre of broad public interest in order to obtain judicial review of the decision of an administrative agency. He could, as noted above, have pursued his claim to finality before the State Personnel Board and thus sought relief in his own right under Code of Civil Procedure section 1094.5. If we permit the procedure undertaken by petitioner here, it will be difficult to deny such a shortcut method of adjudication by the high-

est tribunal to any petitioner whose pending substantive claim depends, in whole or part, on the resolution of a point of law in another, unrelated case.

The fact that the Fair Employment and Housing Commission (FEHC) at one time contemplated withdrawing its petition for hearing in this court adds little to the argument for exercise of this court's original jurisdiction. The original injunctive relief issued by the superior court prohibited the FEHC from processing any claims of discrimination in state civil service on any basis whatsoever. The Court of Appeal narrowed the relief, prohibiting only inquiry into cases of discrimination alleged to be on the basis of physical handicap or medical condition. The record before us reflects that the department determined not to seek our review of the Court of Appeal decision, and that the FEHC at one time contemplated similar inaction. Review of a Court of Appeal decision in this court in cases such as this lies in the sound discretion of this court. (Cal. Const., art. VI, § 12; rule 28, Cal. Rules of Court.) Whether to seek review in this court in the first instance must, of course, rest in the sound discretion of the litigant. Never should the desire of a stranger, however, control the filing for or granting of a discretionary hearing in this court. At most, the court will entertain the comments of amicus curiae on the question of whether a petition for hearing should be granted. It is unprecedented, I believe, to issue an alternative writ on behalf of a stranger to, in effect, "insure" that the merits of another case be reached. The absence of a "beneficial interest" is related to the availability of other remedies. MacPhail's lack of a claim to standing here is directly related to the fact that he has his own case which he should be required to pursue separately. By this method, the issue we address in *State Personnel Bd.* v. *Fair Employment & Housing Com.* may well have reached us, in the ordinary course, even if the Court of Appeal decision in that case went unchallenged.

Even if this court were reluctant to eclipse the now long-standing rule that the issuance of an alternative writ is a final determination of the inadequacy of legal remedies, the implications of the granting of the writ in this instance require that the court emphasize the unique procedural context of the present petition.

For the reasons indicated above, I would deny the writ.

On September 19, 1985, the judgment was modified to read as printed above.